Jacqueline Rose BLANK, Respondent,

v.

Charles Wayne BLANK, Appellant.

No. WD 32193.

Missouri Court of Appeals,
Western District.

Sept. 22, 1981.

Darwin E. Johnson and William T. Session of Linde, Thomson, Fairchild, Langworthy, Kohn & VanDyke, Kansas City, for appellant.

Arthur A. Benson, II, Kansas City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

This appeal arises from a judgment in the form of an order changing a decree of dissolution. The judgment is reversed with directions.

Appellant alleges that the trial court erred in changing the prior decree because this action was beyond the scope of Rules 74.30, 74.31, and 74.32.

On September 26, 1977, a decree of dissolution was granted and entered by a local magistrate and acting circuit judge for the 16th Judicial Circuit. The parties had entered into a separation agreement, which was presented to the magistrate at the dissolution hearing. This agreement was not incorporated into the judgment of dissolution. Some 32 months later, respondent (petitioner in original dissolution proceedings) moved to amend the judgment nunc pro tunc to include the entire separation agreement, pursuant to § 452.325.4(1), RSMo 1978. This relief was denied and no appeal was taken from the order of denial. Four months later, respondent filed her motion "FOR AN ORDER TO CORRECT AN IRREGULARITY IN THE JUDGMENT". Respondent's motion was premised upon Rule 74.32.

At this juncture, it is necessary to set forth the pertinent wording of the original judgment and of the judgment giving rise to this appeal to illustrate the wording change, in addition to illustrating the basis for this dispute between the parties.

## ORIGINAL JUDGMENT

"It is further ordered and adjudged by the Court that respondent pay to petitioner as support for said minor children the sum of Two Hundred Dollars ($200.00) per month per child, the first such payment totaling Six Hundred Dollars ($600.00) to be paid on October 1, 1977, and a like payment to be paid on the 1st day of each and every month thereafter, until further order of the Court, and in default thereof that execution issue therefor.

It is further ordered and adjudged by the Court that respondent pay to petitioner as maintenance for said spouse the sum of Six Hundred and Seventy-Five Dollars ($675.00), payable Three Hundred and Thirty-Seven Dollars and Fifty Cents ($337.50) on the 1st and 15th days of each month, the first such payment of Three Hundred and Thirty-Seven Dollars and Fifty Cents ($337.50) to be paid on October 1, 1977, and a like payment to be paid on the 15th and 1st days of each and every month thereafter, until further order of the Court, and in default thereof, that execution shall issue therefor."

## CURRENT JUDGMENT

"It is further ordered and adjudged by the Court that respondent pay for the support and maintenance of petitioner the sum of Six Hundred Seventy-Five Dollars ($675.00) per month, one-half of which is to be paid on the first day of each month and the other half to be paid on the fifteenth day of each month, with the first such payment being due and payable on the first day of September, 1977 and continuing on the first and fifteenth days of each month from that date; it is further ordered and adjudged that respondent pay additional maintenance to petitioner in the amount of fifty per cent (50%) of any increases in the net monthly earnings of respondent after August 1, 1977, such net monthly earnings of respondent being calculated as hereinafter described, and same shall decrease by fifty per cent (50%) of any reductions in the net monthly earnings of respondent after August 1, 1977;

It is further ordered that as each child for whom petitioner is receiving child support from respondent as ordered by this decree reaches the age of majority, emancipates himself, dies, or other (other) (sic) occurrence relieve respondent of the legal responsibility of paying support for such child, then respondent shall pay to petitioner the additional sum for maintenance of one-half (½) the amount of child support respondent is legally required to pay for such child on the date such responsibility terminates;

It is further ordered, the foregoing notwithstanding, that as of April 12, 1989 the amount of maintenance which respondent shall pay to petitioner shall be one-half (½) of the monthly net earnings calculated by deducting from the gross earnings of respondent only withholding taxes, social security, and hospitalization, life and disability insurance premiums."

The foregoing terms under the current judgment mirror the terms of the separation agreement referenced above.

The chronology of this matter includes the initial dissolution proceedings, culminating in the decree, partially set forth above, on September 26, 1977. Under the date of May 13, 1980, there followed respondent's application for amendment of judgment nunc pro tunc. A hearing was held on this application. Evidence in support of respondent's application included in-court testimony of the magistrate judge who entered the original decree. Since the original proceedings, this judge has taken up other judicial duties and as a result of constitutional and statutory changes, the office of magistrate has been abolished. This judge was permitted to testify regarding what he intended to be the original judgment entry, acknowledged he had no recollection of the particular proceedings, and further acknowledged that he did not incorporate the separation agreement into the decree as prescribed by § 452.325.4(1). Additional testimony by a court clerk further verified that the separation agreement was not incorporated into the decree. The testimony of this clerk included, over objection, the general procedure for preparation of decrees. She explained that the decrees were prepared from form worksheets completed by the judge and that before a separation agreement would become part of a decree "on the judge's worksheet, it would have to say it's incorporated before they would put it."

Neither on the judge's worksheet nor in the transcript is there any reference that the separation agreement was incorporated in the decree, although the magistrate approved the separation agreement as being not unconscionable.

This hearing terminated with a circuit court order overruling respondent's application for nunc pro tunc relief and declaring nunc pro tunc not to be the proper remedy. No appeal was taken from this ruling. Some four months later, respondent filed her "MOTION FOR AN ORDER TO CORRECT AN IRREGULARITY IN THE JUDGMENT." Another hearing was held, which was limited to the following:

Admission without objection the following exhibits:

(1) Transcript of original dissolution proceedings

(2) Separation agreement of the parties

(3) Copy of decree of dissolution

(4) Stipulation of facts

In addition to the four above exhibits, No. 5, which was the transcript of the magistrate judge's testimony, was admitted over appellant's objection. Appellant also submitted Exhibits Nos. 7 and 8. Exhibit No. 7 was the form file used by the court in the original dissolution proceedings, and No. 8 was an affidavit by appellant previously filed in an ancillary proceeding.

The pertinent portion of the stipulation of facts received into evidence read as follows:

1. Arthur A. Benson II, is and was an attorney duly admitted to practice law in the State of Missouri during the entire year of 1977 and down to date.

2. During 1977, said Arthur A. Benson represented Jacqueline Rose Blank in a proceeding for the dissolution of her marriage in the Circuit Court of Jackson County, Missouri, in a case styled "In Re Marriage of Jacqueline Rose Blank and Charles Wayne Blank," DR77–3798.

3. In connection with said action for the dissolution of marriage, he prepared the latter part of July, or the first part of August, 1977, a Separation and Property Settlement Agreement which was executed by Jacqueline Rose Blank on the 10th day of August, 1977 and Charles Wayne Blank on the 12th day of August, 1977, a true copy of said Separation and Property Settlement Agreement being attached hereto and incorporated herein as Exhibit A.

4. On September 26, 1977, a hearing was conducted in said dissolution of marriage action of Case No. DR77–3798, wherein the petitioner, Jacqueline Rose Blank, appeared in person and by her attorney, Arthur A. Benson II, and the respondent, Charles Wayne Blank, although having filed his Entry of Appearance, did not appear at the hearing.

5. The case was then heard and during the hearing of same, said Separation and Property Settlement Agreement attached hereto as Exhibit A was introduced into evidence and asked by petitioner to be approved by the Court.

6. On September 26, 1977, a Decree of Dissolution of Marriage in said case, DR77–3798, was prepared by personnel of the Circuit Court of Jackson County, Missouri and a copy mailed to Arthur A. Benson II, for and on behalf of Jacqueline Rose Blank, the petitioner.

7. On October 5, 1977, Arthur A. Benson II mailed a letter to Jacqueline Rose Blank, enclosing a copy of said Decree of Dissolution of Marriage entered in Case No. DR77–3798, together with a copy of said letter, together with a copy of the Decree of Dissolution of Marriage in said Case No. DR77–3798 to Charles Wayne Blank. A copy of said letter being attached hereto and incorporated herein by reference as Exhibit B.

8. Charles Wayne Blank received said letter from Arthur A. Benson II, dated October 5, 1977, and its enclosure of the Decree of Dissolution of Marriage entered in Case No. DR77–3798.

9. Neither Jacqueline Rose Blank, the petitioner, nor Charles Wayne Blank, the

respondent, in said dissolution of marriage, Case No. DR77–3798, appealed said Decree of Dissolution of Marriage attached hereto.

In addition to the foregoing, there was included a letter which is referenced as Exhibit B within the above stipulated facts. This letter reads as follows:

"October 5, 1977

Ms. Jacqueline R. Blank
12921 Locust
Kansas City, Missouri 64145

Dear Ms. Blank:

I have enclosed a certified copy of the Decree of Dissolution which was entered by Judge Hughes on September 26, 1977. This is an important paper and should be kept with your other valuable documents, preferably in a safe deposit box. I have sent a copy of the decree to your former husband and have retained a copy in your file in my office.

Yours truly,

Arthur A. Benson II /s/"

Neither party moved the court to modify, amend, or set aside the judgment within 30 days of rendition. The court did not, (although authorized under Rule 75.01) of its own initiative, take any action on the original judgment. That judgment became final 30 days following rendition thereof. Following the foregoing events, the circuit court entered its judgment as follows:

#### "JUDGMENT ENTRY CORRECTING DECREE OF DISSOLUTION

On the 29th day of September, 1980, this cause was heard upon the motion of petitioner to correct the decree of dissolution heretofore rendered herein on the 26th day of September, 1977, and evidence was received and the Court makes the following findings and judgment:

That said motion was duly served upon respondent, and the Court, being fully advised in the premises, finds that the decree of dissolution as entered by the Court was and is incorrect and that said decree does not fully and accurately set forth the maintenance ordered to be paid by respondent.

It is therefore ordered that said judgment be corrected as follows:

The penultimate paragraph of the decree of dissolution dated September 26, 1977, ordering maintenance, is hereby deleted and replaced by the following:" (the remainder of the judgment entry is set forth verbatim earlier in this opinion)

From the record, it is clear that the circuit court concluded and premised its judgment entry upon the concept that such judgment was merely to correct an amount of money and further, that such "correction" was authorized by Rule 74.30(10). The circuit court declared:

"Well, what in a particular case is a procedural irregularity or a substantive matter sometimes is in the eye of the beholder. In other words, we could have a considerable discussion about what constitutes procedural problems and what are substantive problems. But I don't think we need to do that because the rule that you were relying on specifically says that you can correct errors as to sums of money if a mistake was made. I don't think we need to go any further than that. I don't disagree with any of the legal propositions that you have recited this morning."

Rule 74.30(10) referenced by the circuit court reads as follows:

"74.30. *Imperfections for Which Judgment Will Not Be Reversed or Affected*

When a verdict shall have been rendered in any cause, the judgment thereon shall not be stayed, nor shall such judgment nor any judgment after trial or submission, nor any judgment upon confession *nihil dicit* or upon failure to answer, nor any judgment upon a writ or inquiry of damages executed thereon, be reversed, impaired, or in any way affected by reason of the following imperfection, omissions, defects, matters or things,

or any of them, namely: ... (10) for any mistake in the name of any party or person, or in any sum of money, or in any description of any property, or in reciting or stating any day, month or year, when the correct name, sum or description shall have been once rightly alleged in any of the pleadings or proceedings; ..."

An attending rule to Rule 74.30 is Rule 74.31, which reads:

"74.31. *Imperfections Cured by Amendment*

The omissions, imperfections, defects and variances enumerated in Rule 74.30, and all others of a like nature, not being against the right and justice of the matter of the suit, and not altering the issues between the parties on the trial, shall be supplied and amended by the court where the judgment shall be given, or by the court into which such judgment shall be removed by appeal."

◼ Simply restated, what this case presents is a dissolution proceeding in which the magistrate was tendered an executed separation agreement, found it to be not unconscionable, then committed judicial error by not incorporating the agreement into the decree of dissolution. Some 36 months later, respondent attempted to have the original decree changed to incorporate the separation agreement. Respondent prevailed upon the circuit court to change the original decree. This was error and for the reasons discussed infra, the judgment must be reversed.

Disposition of these proceedings turns upon the answer to the question of whether the judicial error in the original dissolution proceedings, and hence the alleged defects and discrepancies within the original decree, are correctable in an action brought pursuant to Rules 74.30/74.31.

It is first noted that respondent relies upon *In re Marriage of Haggard,* 585 S.W.2d 480 (Mo.banc 1979). That decision is found to be misapplied to the instant proceedings and is distinguishable because in *Haggard,* the decree incorporated the separation agreement. In *Haggard,* the

court emphasized the fact that the decree incorporated the separation agreement and the agreement was not expressly excluded from being included within the decree. Hence, under § 452.325, RSMo 1978, the agreement was enforceable as part of the decree.

The question of limitation regarding the use and scope of Rules 74.30/74.31 has been precisely ruled in *Swope v. General Motors Corporation,* 445 F.Supp. 1222, 1230–31 (W.D.Mo.1978), wherein the court, speaking to the rules, held:

"*These rules permit a court to amend those omissions, imperfections, and defects in judgment records which are set forth in the rule: such as, imperfect return of process, mistake in the names of any parties, incorrect dates recited, etc. Clearly and unmistakably these rules do not provide for amendment of a judgment to include a recitation of the judge's prior intentions and to modify the form of the judgment to conform to the newly stated intention.*" (emphasis added)

The court went further to point out nunc pro tunc, and the rules applicable do not permit courts to "... '*change a judgment rendered to reflect the true intention of the court, nor to create a different judgment than that actually rendered.*'" (emphasis added) citing to *Wiseman v. Lehman,* 464 S.W.2d 539, 542 (Mo.App.1971).

In the instant case, although the circuit court denied relief under nunc pro tunc, the record is clear that the judge who heard and entered the judgment in the original dissolution proceedings testified. The purpose of that testimony was to reflect the intention of that judge, along with an explanation of the events surrounding the entry of the original decree. This testimony was admitted over objection in the later proceedings which give rise to this appeal. That testimony is part of the record of this appeal and the record reveals that the circuit court construed such evidence in conjunction with other evidence in concluding that the decree could be amended to reflect

merely an error in a sum of monies. This is the precise prohibition to which *Swope* is directed.

In another case, *Desloge v. Desloge*, 617 S.W.2d 486, 489 (Mo.App.1981), wherein, like in the instant proceedings, the agreement was approved but not incorporated in the decree, the court declared:

"Although we agree that the court could not itself make an award subject to a cost-of-living adjustment, once such an agreement is made, and tendered to the court, § 452.325.4(1), RSMo 1978 obliged the court to adopt the arrangement as part of its decree in the absence of an express term to the contrary. Failure to include such an express provision results in the agreement becoming decretal and enforceable (or modifiable) as would be any other judgment."

Thus, if the present judgment would be permitted to stand as "amended" or modified, such would run directly contrary to the sound rule expressed in *Desloge.*

The matter is not resolved by the circuit court's conclusion that the original decree was subject to amendment or modification because it was a correction of a mistake concerning a sum of money and hence was within Rule 74.30(10). Review of the purported amendment or modification is not limited to just correcting a sum of money, but the results thereof (conditioned upon the happening of a series of events) amount to future automatic adjustments in maintenance, and direct a substitute of recipient upon the happening of certain events, i. e., when child support is no longer legally due for the benefit of the minor children, respondent shall become the recipient of one-half the sum previously due as child support and such payment shall be added to the maintenance previously due respondent. These are major substantive changes and not relegated to the mere correction of mistakes in the entry of a sum of monies within the decree.

While neither the applicable rules nor statutes referenced herein read or have been construed to address every potential situation which might arise after the entry of judgment, the reasoning to limit their application, particularly regarding the prohibition of evidence of intention as it concerns the original judge, is both sound and practicable. Long after a judgment becomes final, the position of parties thereto is often fixed in reliance of the judgment, the time for appeal has run, and there arises the opportunity for a myriad of problems to develop in attempting to fairly change a judgment of several days', months', or years' duration. At the insistence (and for good cause) of either party or upon the circuit court's own initiative, our rules provide that a judgment can be set aside for the express purpose of correcting an injustice or other impropriety found within the judgment. This allows the parties and the courts to address the problem in a timely, orderly fashion. Such opportunity was ever present in the instant proceedings. The particular facts and circumstances herein do not warrant the creation of an exception to the current authority on this issue, nor do the instant facts and circumstances call for any insistence to urge a change in the current authority on this issue.

Rules 74.30 and 74.31 do not authorize an amendment or modification to a decree of dissolution as was attempted herein, and the circuit court's interpretation of 74.-30(10) as authority therefor was in error.

For the reasons set forth herein, the judgment is in all respects reversed and the circuit court is directed to reinstate the original judgment of dissolution entered as of September 26, 1977, with all dates and terms expressed therein being accorded their original intent and application.

All concur.