Joelle Y. RUTLEDGE, Appellant,

v.

Herbert R. RUTLEDGE, Respondent.

No. WD 32118.

Missouri Court of Appeals,
Western District.

Oct. 13, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Nov. 17, 1981.

Application to Transfer Denied
Jan. 18, 1982.

James C. Wirken, Spradley & Wirken,
Kansas City, for appellant.

Austin C. Vincent, Vincent & Cook, Kansas City, for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

TURNAGE, Presiding Judge.

Herbert R. Rutledge filed an "Application to Seek the Equitable Jurisdiction of the Court to Correct Judgment to Conform to Written Agreement of the Parties" by which he sought to change the amount of child support contained in a divorce decree entered in January 1972. The motion was filed in June 1980. The court entered an order changing the amount of child support from $125 per month per child to $100 per month per child.

On this appeal Joelle Rutledge contends the court was without jurisdiction to retroactively modify the amount of child support.

A default divorce was granted to Joelle in January 1972. The decree provided for child support of $125 per month per child until the further order of the court. The parties had entered into an agreement for Herbert to pay $100 per month per child in child support. The motion filed by Herbert to correct the judgment alleged the execution of the agreement between the parties and alleged that the court had made a mistake in awarding $125 instead of $100. The motion sought the correction of this mistake.

The trial court held that it was empowered by Rule 74.31 to correct the judgment so that the judgment awarded only $100 per month from the date of entry instead of the $125 contained in the judgment.

■ This case is governed by the law in effect prior to the Dissolution of Marriage Act because the judgment was entered prior to January 1, 1974. Section 452.415.1, RSMo 1978. The fatal flaw in Herbert's argument that the court made a mistake when it entered a figure of $125 rather than the $100 the parties agreed upon is in the fact that the court was in no sense bound by the agreement of the parties. *Green v. Green*, 234 S.W.2d 350, 351[1] (Mo. App.1950). Thus, the position of Herbert that he is entitled to relief simply on a

showing that the decree was entered for an amount different from that agreed upon by the parties does not show that he is entitled to any relief.

Furthermore, the court was without authority to make any retroactive modification of the decree. *Gordon v. Ary*, 358 S.W.2d 81, 84 [3, 4] (Mo.App.1962). Thus, the action of the court in purporting to go back to the decree entered in 1972 and to change the amount of child support from that time was completely beyond its jurisdiction.

The trial court purported to make the retroactive modification on authority of Rule 74.31. In precisely the same situation this court in *Blank v. Blank*, 621 S.W.2d 954 (1981) held that Rule 74.31 did not authorize the retroactive modification of a sum payable in a dissolution decree. The reasoning in *Blank* controls in this case and Rule 74.31 did not authorize the retroactive modification of child support in this case.

The judgment modifying the decree entered in January 1972 is reversed.

All concur.