**In re the Marriage of Marguerite I. LONG, Respondent,**

v.

**William F. LONG, Appellant.**

**No. WD 37881.**

Missouri Court of Appeals, Western District.

Oct. 28, 1986.

Marguerite I. Long (Sommers) pro se.

Michael W. Walker, Kansas City, for appellant.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

GAITAN, Judge.

Respondent-appellant, William F. Long (hereinafter referred to as appellant), was divorced from the petitioner-respondent, Marguerite I. (Long) Sommers (hereinafter referred to as respondent) on January 4, 1973. Thereafter, as a result of an ex parte in chambers discussion with respondent the court entered an order on July 8, 1982 emancipating two of the four children of the parties and thereby reducing the child support owed by appellant to respondent to $150 per month plus $50 per month toward arrearage. That order was set aside by the court as a result of a hearing held September 26, 1985. Appellant alleges that the court erred in setting aside its July 8, 1982 judgment because the court lacked jurisdiction to so act. The judgment of the trial court dated September 26, 1985 is hereby reversed.

On January 4, 1973, the Circuit Court of Platte County, Missouri dissolved the marriage of the parties hereto. As a part of that decree, appellant was ordered to pay to respondent the sum of $300.00 per month for child support for the four unemancipated minor children of the marriage.

On July 8, 1982, respondent appeared at the circuit courthouse in Platte City and met in chambers with the circuit judge. She advised the court that Christine A. Long was emancipated because of her marriage in April of 1980; that Cathy L. Long was emancipated because of her marriage in October of 1981; and requested that the child support be reduced to $150.00 per month plus an arrearage payment of $50.00 per month. The court entered the order requested by the respondent. The order was entered in the judge's chambers. The docket sheet of the Circuit Court of Platte County shows no further activity in this case for more than one year.

On April 1, 1985, appellant received a document from the Circuit Clerk of Platte County advising him of the entry of the July 8, 1982, order and, furthermore, advising him that no further child support payments were due until July of 1987.

On April 17, 1985, a certified letter from respondent was filed in the Circuit Court of Platte County dated April 15, 1985. In that letter, respondent stated that after obtaining the requested order of July 8, 1982, she telephoned the courthouse and spoke either to the judge or some other person, asked that the order entered previously that date be set aside and was assured that it would be.

On August 26, 1985, the court entered a "Notice and Order" directed to appellant and respondent informing them that the court would, on the 26th day of September, 1985 at 10:00 a.m., hear testimony and consider the request contained in respondent's letter of April 15, 1985.

On September 26, 1985, a hearing was held in the Circuit Court of Platte County. In the course of the hearing, respondent admitted to the court that she had requested the order the court entered on July 8, 1982. The court stated that it had no record nor independent recollection of any subsequent telephone conversation with respondent concerning setting aside the order. During this hearing, the court set aside the order of July 8, 1982.

On October 10, 1985, appellant filed a "Motion for New Trial or to Amend the Judgment and Opinion" together with "Suggestions and Authorities in Support of Respondent's Motion for a New Trial or to Amend the Judgment and Opinion". A Notice of Hearing was filed with the court on November 25, 1985, notifying respondent of a hearing scheduled for December 12, 1985, and rescheduled for December 23, 1985.

During the December 23, 1985, oral argument, the court stated that it had set aside the July 8, 1982, order because the order was entered without the presence of a court reporter. The court stated that it felt the law required a circuit judge to have a court reporter present at any time court was held. Since a court reporter was not

present, the court felt that the order was null and void.

The court also stated that it had set aside the order of July 8, 1982, because a copy of the order did not go out to the petitioner and respondent from the clerk.

This is an appeal from an order entered in a court-tried civil case and, therefore, the scope of review is as defined in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

The trial court maintained continuing jurisdiction on July 8, 1982, to modify the parties decree as to child support. The absence of a court reporter in chambers on July 8, 1982 did not affect the validity of the order entered on that date. The court entry was not an adjudication which requires a reporter present. An evidentiary hearing was unnecessary. The respondent's statements were judicial admissions regarding the emancipation of two of the children who were subject to support orders of the court. Emancipation of a child is a basis for termination of child support. Emancipation may come about by various means including when a child marries. *French v. French*, 599 S.W.2d 40, 41 (Mo.App.E.D.1980); *Orth v. Orth*, 637 S.W.2d 201, 205 (Mo.App.1982). The court having been provided that information along with a requested finding of emancipation had no choice but to act as it did by its order of July 8, 1982.

As a matter of fact, the legislature enacted into law § 452.370(3) RSMo 1982 which states as follows:

> (3) ... provisions for the support of a child are terminated by emancipation of the child. The custodial parent shall have the duty to notify the noncustodial parent of the child's emancipation and failing to do so the custodial parent *shall be liable for the noncustodial parent for the support paid to the custodial parent following emancipation of a minor child.*

The actual legal effect of this law escapes application to the respondent by a matter of days because that law took effect August 13, 1982. However, it is clear that under the law prior to August 13, 1982 the court could not ignore respondent's admission.

Further, the trial court's action in setting aside the order of July 8, 1982, for the reason that the Court Clerk failed to send copies of the order to the parties, misstates the law. Under Rule 74.78 the failure to provide notice to the affected party can result in the judgment being set aside. However as a condition precedent, a written motion must be filed within six months. No such motion was filed within six months of July 8, 1982. In addition, our courts have construed this Rule to require notice only to a party aggrieved. *Greene v. Greene*, 368 S.W.2d 426 (Mo. 1963). The general rule is that a party is aggrieved when the judgment operates prejudicially and directly upon his personal or property rights or interests and that such must be immediate and not merely a possible remote consequence. *Hertz Corp. v. State Tax Commission*, 528 S.W.2d 952 (Mo. banc 1975). Appellant was not aggrieved by the entry of the July 8, 1982 order, in fact he was substantially benefited thereby.

If this court accepts the fact that the trial court had jurisdiction to enter his order of July 8, 1982, then his setting aside of that order on September 26, 1985, amounted to a retroactive modification of child support which is proscribed by law. As stated by this court in *Rutledge v. Rutledge*, 628 S.W.2d 894 (Mo.App.1981):

> Furthermore, the court was without authority to make any retroactive modification of the decree. Thus, the action of the court in purporting to go back to the decree entered in 1972 and to change the amount of child support from that time was completely beyond its jurisdiction.

This case is reversed with directions that the trial court reinstate its order of July 8, 1982.