**Albert ABBADESSA and Carol Abbadessa, Robert M. Wilhite and Barbara Wilhite, Appellants,**

**v.**

**Dale TINDALL, Respondent.**

**No. WD 40504.**

Missouri Court of Appeals, Western District.

Nov. 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 27, 1988.

Application to Transfer Denied Feb. 14, 1989.

Charles A. Powell, Jr., Macon, for appellants.

Louis F. Cottey, Davis A. Masters, Oswald & Cottey, Kirksville, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

The Abbadessas and Wilhites filed suit against Dale Tindall for common law fraud in the sale of securities. The court entered summary judgment in favor of Tindall. The dispositive question on appeal is the timeliness of the filing of the notice of appeal. Appeal dismissed.

Tindall filed a motion for summary judgment after the case was at issue and the court entered summary judgment in favor of Tindall on January 6, 1988. On January 7, 1988 the Abbadessas and Wilhites filed a motion for new trial. On February 4 Tindall filed suggestions in opposition to the motion.

Apparently there was no notice filed calling the motion up for hearing and on February 29 the court overruled the motion for new trial. On March 23 the court on its own motion set aside the order overruling the motion for new trial. On April 4 the parties appeared and argued the motion for new trial and the court, on this same day, overruled the motion for a second time. Notice of appeal was filed on April 12, 1988.

Tindall has filed a motion to dismiss the appeal on the ground that the notice of appeal was filed out of time. Abbadessa and Wilhite contend the order overruling the motion for new trial entered on February 29 was void because the order was entered without notice to the parties and without an opportunity for the parties to be heard.

The prime contention of Abbadessa and Wilhite is that the court could not enter a valid order overruling the motion for new trial without giving them an opportunity to come in and be heard prior to the court's ruling on the motion. The court had the benefit of suggestions filed by both parties before the motion was ruled on so the only harm suffered by Abbadessa and Wilhite was the lack of opportunity to present oral argument. They contend that was a denial of due process which rendered the order void when entered on February 29.

■ In *Senn v. Manchester Bank of St. Louis,* 583 S.W.2d 119, 133 (Mo. banc 1979), disavowed on other grounds in *Haarmann v. Davis,* 651 S.W.2d 134 (Mo. banc 1983), the court stated "[I]t has been held that due process does not include the right to oral argument on motions." Abbadessa and Wilhite do not cite any authority indicating that due process requires that they have the opportunity to present oral argument on the motion for new trial prior to the court ruling thereon. The statement in *Senn* does indicate that there is no such due process right. The court had written suggestions from both parties and under *Senn* the court was not required to give the parties opportunity for oral argument.

At the time the court overruled the motion for new trial on February 29 the motion was ripe for ruling and the court had jurisdiction to enter its ruling. Rule 81.-05(a) provides that when a motion for new trial is timely filed, "... the judgment becomes final at the expiration of 90 days after the filing of such motion or, if such motion is passed on at an earlier date then at the date of disposition of said motion." In *Dayringer v. Mullen,* 651 S.W.2d 500 (Mo.App.1983), this court faced an identical situation and held that once the trial court

had ruled on the motion for new trial it was without jurisdiction to set that ruling aside and to later enter a new ruling. The order overruling the motion for new trial was made well within 90 days after the motion was filed so that under Rule 81.05(a) the judgment became final on February 29, 1988. Rule 81.04(a) requires the notice of appeal to be filed no later than ten days after the judgment appealed from becomes final. In this case the notice of appeal to be effective had to be filed within ten days after February 29. The notice of appeal was not filed until April 12. Therefore, the notice was untimely.

■ Abbadessa and Wilhite complain that the ruling on February 29 was made when they were not present and they did not learn of the ruling until about March 23. Rule 74.03 provides the proper procedure to be followed when an order or judgment is entered and parties who are not in default for failure to appear are not present when the order or judgment is made. That rule provides that the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of order or judgment. In this case, no motion was filed under Rule 74.03 and the court did not purport to act upon such motion but rather acted on its own motion. There is no provision for the court to set aside its order overruling the motion for new trial on its own motion. The judgment became final once the court overruled the motion for new trial and under the facts of this case the court only had jurisdiction to set aside its ruling pursuant to Rule 74.03. *Mullen* at 502.

Because the notice of appeal was not filed within ten days after the judgment became final this court acquired no jurisdiction of the appeal.

The appeal is dismissed.

All concur.