Albert ABBADESSA and Carol Abbadessa, Robert M. Wilhite and Barbara Wilhite, Appellants,

v.

Dale TINDALL, Respondent.

No. WD 44099.

Missouri Court of Appeals, Western District.

Aug. 27, 1991.

Charles A. Powell, Jr., Macon, for appellants.

Louis F. Cottey and Scott L. Templeton, Oswald & Cottey, P.C., Kirksville, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Appellants Albert and Carol Abbadessa and Robert M. and Barbara Wilhite ("appellants") appeal from the trial court's order overruling their post-trial motion seeking to set aside judgment for irregularity pursuant to the provisions of Section 511.250, RSMo. 1986.[1] Judgment affirmed. This cause was previously before this court in *Abbadessa v. Tindall*, 763 S.W.2d 178 (Mo. App.1988) ("Abbadessa I").

Although the history of this cause is lengthy, it is essential to an understanding of the issues presently before this court. Appellants filed suit against Dale Tindall for common law fraud in the sale of securities. On January 6, 1988 the trial court entered summary judgment in favor of Dale Tindall ("respondent") finding that appellants' claims were barred by the statute of limitations in § 409.411(e), which limits the time a person may sue a seller of securities to up to two (2) years after the contract of sale. Appellants then filed a post-trial motion entitled "Plaintiff's After Trial Motion to Open and Set Aside Summary Judgment for Defendant Herein; and for Redetermination of Said Issue and Cause" (hereinafter "Motion to Set Aside Summary Judgment") contending that the constraints for bringing an action pursuant to Chapter 409 are inapplicable to a common law action for fraud. Suggestions on said motion were filed by both parties. On February 29, 1988, without notice to the parties or scheduling the matter for hearing, the court took up the Motion to Set Aside Summary Judgment and entered an order overruling said motion. No Rule 74.03 notice was given to appellants by the clerk of the circuit court advising them that the court had acted upon the motion and entered its February 29, 1988, order.[2]

On March 19, 1988, appellants' attorney of record learned of the entry of the order on February 29, 1988, overruling their Motion to Set Aside Summary Judgment. The ten-day period in which appellants could file a notice of appeal expired on March 10, 1988. The trial court, on its own motion, set aside its order overruling appellants' Motion to Set Aside Summary Judgment, which is characterized in *Abbadessa I* as a motion for new trial, on March 23, 1988, and set the motion for hearing. On April 4, 1988, after conducting a hearing on the Motion to Set Aside Summary Judgment, the trial court overruled said motion for the second time. Appellants thereafter appealed the April 4th ruling, by filing their notice of appeal on April 12, 1988.

In *Abbadessa I*, respondent filed a motion to dismiss the appeal. He contended that the trial court was without jurisdiction on March 23, 1988 to set aside its original order denying the Motion to Set Aside Summary Judgment and, therefore, the notice of appeal was not timely filed because it was due within ten days after February 29, 1988. *Abbadessa I*, 763 S.W.2d at 179.

On November 8, 1988, this court, in *Abbadessa I* handed down its opinion dismissing the appeal. This court found that the trial court lacked jurisdiction on March 23, 1988 to set aside its judgment of February 29, 1988, because it had acted on its own motion, rather than on a written motion as required by Rule 74.03. Rule 74.03 provides:

> Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.

The court rejected appellants' contention that due process requires the opportunity to present oral argument on a motion for

---

1. All statutory references are to Missouri Revised Statutes, 1986, unless otherwise noted.

2. It is this February 29, 1988 order appellants seek to set aside in this appeal, contending their right to avail themselves of the provisions of § 511.250 which provide for judgments to be set aside when patently irregular on the face of the record.

new trial prior to ruling on the motion, and further held as follows:

Abbadessa and Wilhite complain that the ruling on February 29 was made when they were not present and they did not learn of the ruling until about March 23. Rule 74.03 provides the proper procedure to be followed when an order or judgment is entered and parties who are not in default for failure to appear are not present when the order or judgment is made. That rule provides that the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of order or judgment. In this case, no motion was filed under Rule 74.03 and the court did not purport to act upon such motion but rather acted on its own motion. There is no provision for the court to set aside its order overruling the motion for new trial on its own motion. The judgment became final once the court overruled the motion for new trial and under the facts of this case the court only had jurisdiction to set aside its ruling pursuant to Rule 74.03.

Because the notice of appeal was not filed within ten days after the judgment became final this court acquired no jurisdiction of the appeal.

The appeal is dismissed.

*Abbadessa I,* 763 S.W.2d at 179.

Nothing further transpired until March 21, 1990, when appellants filed their "Motion to Set Aside Judgment for Irregularity (Section 511.250, RSMo.)" (hereinafter referred to as "Section 511.250 Motion"). Respondent then filed a Motion to Dismiss, the parties were heard and the Motion to Dismiss was sustained by the trial court on May 21, 1990.

On June 5, 1990, appellants filed an additional post-trial motion entitled "Motion to Vacate and Set Aside Judgment Entered Herein on May 21, 1990." On June 20, 1990, the parties again appeared, appellant's pending post-trial motion was argued and the motion was denied.

This appeal followed.

Appellants, the Abbadessas and the Wilhites, present three (3) points on appeal. Point One claims the trial court erred in its denial of their Section 511.250 Motion to set aside the trial court's February 29, 1988 ruling on their Motion to Set Aside Summary Judgment based upon an erroneous finding that relief pursuant to § 511.250 [3] was unavailable to appellants. Point Two requests a review of the merits of appellants' claim of error in the trial court's order of January 6, 1988, granting summary judgment. Point Three challenges the constitutionality of the procedure under Supreme Court Rule 74.03 whereby relief may be granted for the failure to give notice of a judgment entry upon the filing of a written motion, but which denies the trial court jurisdiction to correct discovered errors on its own motion.

This court first addresses Point One. Appellants contend the trial court erred in overruling their Section 511.250 Motion in that the order entered by the trial court on February 29, 1988, was patently irregular on the face of the record because appellants received no notice of said order. Appellants contend that Rule 74.03 is not the exclusive remedy to correct the circuit clerk's failure to give notice of the court's order of February 29, 1988. Appellants contend the provisions of § 511.250 provide an additional, independent remedy. In essence, appellants argue that Rule 74 does not supersede the provisions of § 511.250.

■ Appellants contention is without merit and must be denied. Supreme Court Rule 74 applies to civil actions pending before a circuit judge. Rule 41.01. The rule supersedes all statutes and existing court rules inconsistent therein. Rule 41.-01; *State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 549 (Mo.App.1990). Section 511.250 is applicable only in limited circumstances. *Baldwin,* 785 S.W.2d at 549 (applying the statute to probate proceedings because Rule 74 was not made

---

**3.** Section 511.250 provides:

"Judgments in any court of record shall not be set aside for irregularity, on motion, unless

such motion be made within three years after the term at which such judgment was rendered."

applicable to probate courts). The statute was superseded, first by Rule 74.32, and presently by Rule 74.06(b). *Baldwin,* 785 S.W.2d at 549.

Rule 74.06 is a general rule providing for relief from judgments, orders or other parts of the record for a variety of reasons including mistake, inadvertence, or irregularity in the judgment. If 74.06 is applicable, subsection (c) of the rule reduces the time frame in which such a motion must be filed from three (3) years, as recognized in § 511.250, to "within a reasonable time ... not more than one [1] year after the judgment or order was entered."

Rule 74.03 requires notice by the clerk of the entry of an order or judgment. It also includes the specific procedure to follow to set aside an order or judgment for good cause shown, if the required notice is not given.

■ In determining whether Rule 74.03 or 74.06 controls, it is necessary to give effect to the intent of the framers of the rules. In interpreting rules of the Supreme Court, the appellate courts are guided by the same rules as used in the construction of statutes. *State ex rel. Ott v. Bonacker,* 791 S.W.2d 494 (Mo.App.1990). "When one rule deals with a subject in a general way, and a second rule deals with the same subject in a different manner, the general rule gives way to the specific rule." *Rohwer v. State,* 791 S.W.2d 741 (Mo.App.1990) (citation omitted). As determined by this court in *Abbadessa I, supra,* Rule 74.03 is the exclusive rule applicable to this cause.

Appellants' right to file their motion to set aside the order of February 29, 1988, on the grounds that the order was irregular on the face of the record expired on August 31, 1988, under the six month time limitation in Rule 74.03. They did not file their motion until over eighteen months later, on March 21, 1990.

The trial court, therefore, was correct in overruling appellants' motion filed March 21, 1990. Appellants' Point I is denied.

This court does not address appellants' Point II, claiming trial court error in the original order for summary judgment. Since appellants' Point I was ruled against them, no discussion of Point II is warranted.

In its third point, appellants contend that their rights to procedural due process have been violated. Appellants claim it is an injustice that the error of the circuit clerk in failing to give notice prevents them from raising a meritorious claim on appeal. Appellants also raised a procedural due process challenge in *Abbadessa I, supra,* contending the trial court ruled on their motion for new trial (Motion to Set Aside Summary Judgment as it is referred to in this cause) without giving appellants the opportunity to present oral argument. The *Abbadessa I* court, citing *Senn v. Manchester Bank of St. Louis,* 583 S.W.2d 119, 133 (Mo. banc 1979), disapproved on other grounds in *Haarmann v. Davis,* 651 S.W.2d 134 (Mo. banc 1983) stated that due process does not include the right to oral argument on motions.

Appellants now claim they were denied procedural due process because they have no avenue by which to remedy the trial court's alleged error in granting summary judgment. On March 19, 1988, the date appellants claim to have first learned of the February 29, 1988 order, appellants had available to them two remedies by which they could have perfected their appeal from the order of summary judgment; Rule 81.07 and Rule 74.03.

■ Under Rule 81.07(a), appellants could have sought a special order from this court permitting them to file a late Notice of Appeal. They did not do so. Additionally, appellants could have filed a written motion with the trial court to set aside, for good cause shown, its order denying their after-trial motion. Again, appellants did not avail themselves of a possible remedy. The appellate courts of this state have consistently held that a trial court does not have the authority to set aside an order overruling post-trial motions, *sua sponte,* and may only do so under the authority of Rule 74.03. *Long v. Long,* 719 S.W.2d 126, 128 (Mo.App.1986); *Hammons v. Hammons,* 680 S.W.2d 409, 410–11 (Mo.App.

1984); *Brown v. General Motors Assembly Division,* 695 S.W.2d 501, 502 (Mo.App. 1985). Appellants are charged with the knowledge of the law that the trial court cannot set aside its own order on its own motion. Having failed to avail themselves of any of the procedures designed to protect their rights, appellants cannot now be heard to complain that their rights to procedural due process under the state and federal constitution have been violated. *Birdwell v. Hazelwood School District,* 491 F.2d 490, 494–95 (8th Cir.1974). Appellants' Point III is denied.

Judgment affirmed.

All concur.