**FIREMAN'S FUND INSURANCE COMPANY, Respondent,**

v.

**BROUK–ZIEGLER MOTOR COMPANY, Appellant.**

No. 61171.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 24, 1992.

James J. Sauter, Mary Elizabeth Dorsey, Deeba, Sauter, Herd, St. Louis, for appellant.

Ken J. Ryno, Robert M. Hunt, II, Vincent D. Vogler and Assoc., St. Louis, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The plaintiff-respondent filed suit in the Associate Division of Circuit Court to collect insurance premiums alleged to be due. The defendant entered an appearance through counsel. The plaintiff then presented interrogatories and requests for admissions to the defendant, with the file showing plaintiff's counsel's certificate of service on defendant's counsel on August 8, 1990. On September 6, 1990, the plaintiff filed a motion for summary judgment accompanied by an affidavit and notice that the motion would be called for hearing at 9:30 A.M. on October 10, 1990. The file contains plaintiff's counsel's certificate that the motion, affidavit and notice were served on the defendant's counsel by first class mail, postage prepaid. The defendant did not appear and, on October 10, 1990, the court entered summary judgment for the plaintiff for $7,101.00 principal and interest. On October 24, 1990, plaintiff's counsel sent a copy of the judgment entry to defendant's counsel and requested discussion.

On November 6, 1990 the defendant filed a motion to set aside the summary judgment, alleging that the plaintiff failed to notify the defendant that the motion would be heard on October 10, 1990; that the clerk failed to serve a copy of the judgment by mail on the defendant as required by Rule 74.03; and that good cause has been shown for the setting aside of the judgment. We will treat this motion as having been properly filed under Rule 74.03 and Rule 74.05(c). There was an accompanying motion to strike the affidavit submitted in support of the motion for summary judgment on the ground that it was legally and factually conclusory. The defendant also filed belated answers to interrogatories and a response to the request for admissions, on that same date.

The defendant's motion was not called up for hearing until after the plaintiff had sued out a garnishment, moved to accelerate the response, and drawn down the proceeds of $9360.32 which had been paid into court. The defendant then moved to quash the garnishment and to require the plaintiff to restore the proceeds to the registry of the court. The motions were continued several times by agreement. The motion to set aside summary judgment was denied on November 7, 1991, the order reciting that the "court does not find good cause to set aside set [sic] judgment." This appeal from that order followed.

The plaintiff alleges that we lack jurisdiction over the appeal, asserting that a motion to set aside a judgment is deemed overruled pursuant to Rule 78.06 if not ruled in 90 days. The defendant's motion, however, was not a post-trial motion in the sense of Rule 78.05. The time for filing 78.05 motions expired on October 25, 1990, fifteen days after the summary judgment was entered. The appeal is from a ruling on motions under Rules 74.03 and 74.05(c), which do not have similar time constraints.

Perhaps the Supreme Court might consider modification of those rules in order to ensure prompt disposition, but the present rules do not limit the time for ruling.

■ The defendant argues first that the trial court erred in failing to make a record on the plaintiff's motion for summary judgment and the defendant's motion to set aside the summary judgment, so that, presumably, the hearings must be repeated. The claim is clearly not well taken as to the motion for summary judgment. The court is enjoined by Rule 74.-04(c) to consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any...." A motion for summary judgment must demonstrate, on its face or by reference to materials on file with the court, that there is no genuine issue of material fact. The hearing on the motion is not ordinarily an occasion for receiving evidence, and there is no requirement that arguments on motions be recorded. The question for the appellate court is whether the motion papers demonstrate on their face that the movant is entitled to judgment as a matter of law. Here the plaintiff asked the defendant for a direct admission that the principal sum of $7101.00 was due, and the defendant is held to have admitted this pursuant to Rule 59.01(a) by reason of failure to respond. No further record was required.

■ As to the hearing on the motion to set aside, it is the responsibility of the moving party to make sure that any evidence offered is preserved in an approved manner and transcribed for the use of the appellate court. The defendant suggested at oral argument, without record support, that the trial judge had refused to record the proceedings on tape. Counsel for the plaintiff had a different version as to what had happened. We accept neither version because we may look only to the record. One who claims error not demonstrable by the record should file something in the trial court, as in a post-order motion supported by affidavits, summarizing the proffered testimony and any alleged procedural irregularities such as a refusal of a request that the proceedings be recorded. Failing this, we are relegated to the record consisting of the papers on file and the minute entries.

■ The defendant next attacks the summary judgment by asserting that the plaintiff did not notify his counsel of the hearing as required by the Rule 74.04(c), and that the clerk failed to mail him a copy of the summary judgment as required by Rule 74.03. Neither point states grounds for reversal. The trial court could have found that defendant's counsel was served with notice of hearing as certified by the plaintiff's counsel, and was not obliged to accept the defendant's counsel's claim that the notice was not received. The failure of the clerk to mail the copy of the summary judgment entry does not affect the integrity of the judgment. Nor does prejudice appear. The plaintiff's counsel mailed a copy of the judgment to defendant's counsel on October 25, 1990. The defendant has now been heard on his objections to the judgment, both in the trial court and before us.

Inasmuch as the summary judgment is regular on the face of the record, the motion to set aside is addressed to the discretion of the trial judge. The record shows that the defendant failed to file a timely response to the plaintiff's request for admissions, and sought to meet the plaintiff's claim simply through unverified filings by counsel. There is no attempt to demonstrate a good defense. The belated response to the request for admissions does not "fairly meet the substance of the requested admissions ..." as required by Rule 59.01(a). The trial judge could properly consider the procedural and substantive inadequacies shown by the record. We find no abuse of discretion.

The order overruling the motion to set aside the judgment is affirmed.

GARY M. GAERTNER, P.J., and SMITH, J., concur.