**Patricia CARR, Plaintiff–Appellant**

v.

**MISSOURI DELTA MEDICAL CENTER, Defendant–Respondent.**

No. 19062.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1994.

Mary Anne Sedey, William E. Moench and Kathryn S. Render, Mary Anne Sedey & Assoc., P.C., St. Louis, for appellant.

Jeffrey S. Maguire, Thomasson, Gilbert, Cook, Remley & Maguire, Cape Girardeau, for respondent.

PARRISH, Judge.

Patricia Carr (plaintiff) appeals from a summary judgment entered in favor of Missouri Delta Medical Center (defendant). This court dismisses the appeal for lack of jurisdiction.

Although neither party raises the issue of timeliness of this appeal, that question is apparent on the face of the record before this court. As such, the question of appellate jurisdiction must be addressed *sua sponte*. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994); *Colton, McMichael, Lester, Auman, Visnovske, Inc. v. Mueller*, 877 S.W.2d 702,

703 (Mo.App.1994); *Four Seasons v. Abrams,* 858 S.W.2d 835, 836 (Mo.App.1993). If the appeal is untimely, this court has no jurisdiction to review the trial court's actions. *Shanklin v. Grey Eagle Distributing, Inc.,* 864 S.W.2d 422, 423 (Mo.App.1993); Rule 81.04(a).

Plaintiff filed a three-count petition. She sought damages for wrongful discharge as an employee of defendant (Count I); for defamation (Count II); and for tortious interference with a business relationship (Count III). After filing its answer and after some discovery was completed, defendant filed a motion for summary judgment. Memoranda in support of and in opposition to the motion for summary judgment were filed, together with supporting and opposing affidavits. On April 30, 1993, the trial court granted summary judgment stating, "Judgment is hereby entered in favor of Defendant."

On May 3, 1993, the trial judge directed by docket entry, "The Order sustaining Motion For Summary Judgment is stayed for two weeks at request of Mr. Kenneth Gilbert [1] [sic]." On August 13, 1993, the trial judge received a letter dated August 11, 1993, from one of plaintiff's attorneys stating: [2]

> Enclosed is an order for your use in connection with the matter of *Carr v. Missouri Delta Medical Center.* I have transmitted a draft of the order to Jeff Maguire, [3] but he is on vacation. I believe that the enclosed reflects my previous discussions with him.
>
> I presume that once you have executed the order, a copy will be forwarded to me and to Jeff.
>
> Thank you for your continuing cooperation in this matter.

On August 20, 1993, an order dated August 13, 1993, was filed stating:

1. Plaintiff is represented by Mary Anne Sedey & Associates, P.C. One of the attorneys of that firm who participated in the proceedings before the trial court and who signed pleadings on behalf of plaintiff was Kenneth H. Gibert.

2. A copy of the letter is included in the legal file.

## ORDER

On April 30, 1993, this Court signed an Order sustaining Defendant's Motion for Summary Judgment herein. Said Order was signed, but never mailed to counsel for Plaintiff and Defendant, and may have been superseded by an Order dated May 3, 1993 staying the previous order. Thereafter, both parties filed additional materials, in support of and opposition to, the granting of summary judgment herein. The parties were not aware of the entry of the Order granting Defendant's Motion for Summary Judgment, until after the time for appealing such order had passed.

In order to clarify this situation and afford the parties a fair opportunity to file an appeal, the Order of April 30, 1993 sustaining Defendant's motion for summary judgment is hereby withdrawn and set aside. In its place, this Court enters the following order:

On this 13 day of August, 1993, Defendant's Motion for Summary Judgment is sustained, effective this date. The time for filing any appeal of said Order shall commence to run this date.

/s/ Anthony J. Heckemeyer

ANTHONY J. HECKEMEYER
PRESIDING CIRCUIT JUDGE

Date: 8/13/93

The chronology was:

April 30, 1993 The trial court entered summary judgment for defendant.

May 3, 1993 The trial court ordered the April 30, 1993, summary judgment stayed "for two weeks."

August 13, 1993 The trial court entered an order that purported to set aside the April 30, 1993, summary judgment and enter summary judgment for defendant effective that date.

September 15, 1993 Plaintiff's notice of appeal was filed.

3. Defendant's attorneys are the firm of Thomasson, Dickerson, Gilbert & Cook. The attorney who signed defendant's pleadings on behalf of that firm is Jeffrey S. Maguire.

The April 30 judgment was not final at the time it was entered. *See Taylor v. United Parcel Service, Inc.,* 854 S.W.2d 390, 391 (Mo. banc 1993). The trial court retained control over the judgment for 30 days. Rule 75.01. The trial court had authority, "after giving the parties an opportunity to be heard and for good cause, [to] vacate, reopen, correct, amend, or modify its judgment within that time." *Id.*

The May 3 order was within the 30 days during which the trial court retained control of the judgment. It is questionable, however, that the May 3 order was valid in that the record does not disclose that the parties were given an opportunity to be heard before the trial court undertook to "stay" the judgment.

■ Regardless of whether the May 3 order was effective to stay the April 30 judgment, the trial court's control over that judgment expired before August 13, 1993, when it ordered the April 30 judgment "set aside" and purported to enter summary judgment for defendant effective that date to "afford the parties a fair opportunity to file an appeal."

The 30 days after entry of the April 30 judgment ended May 30, 1993. If the May 3 order stayed the judgment for two weeks, the stay order would have expired May 17, 1993. If the original summary judgment were deemed as having been entered anew on that date, the 30-day period would have expired June 16, 1993. On August 13, 1993, the trial court had no control over the April 30 summary judgment. The August 13 order was void.

■ The April 30 judgment became final after either May 30, 1993, or June 16, 1993. Plaintiff filed her notice of appeal September 15, 1993. It was not effective because it was not filed within 10 days after the judgment became final. *Webster v. City of Cool Valley,* 838 S.W.2d 520 (Mo.App. 1992); *In re Marriage of Huey,* 716 S.W.2d 479, 480 (Mo.App.1986). Although the trial court's August 13 order proclaimed that the time for filing appeal would commence that date, that pronouncement was without effect. Rule 44.01(b) prohibits trial courts from enlarging the time in which they retain control

of their judgments and the time in which a party may file a notice of appeal.

The trial court's August 13 order states that the April 30 order that entered summary judgment for defendant was "never mailed to counsel for Plaintiff and Defendant." It recites, "The parties were not aware of the entry of the Order granting Defendant's Motion for Summary Judgment, until after the time for appealing such order had passed."

■ Rule 74.03 requires the clerk to serve notice of the entry of an order or judgment, by mail, upon parties who were not in default for failure to appear and who were not present in court when the judgment or order was entered. However, failure of the clerk to mail copies or other notice of the order or judgment does not affect its integrity. *Fireman's Fund Ins. Co. v. Brouk–Ziegler Motor Co.,* 841 S.W.2d 778, 780 (Mo.App.1992). Such failure does render a judgment susceptible to being set aside for good cause shown within six months. *Crangle v. Crangle,* 809 S.W.2d 474, 475 (Mo.App.1991).

■ In order for a judgment or order to which Rule 74.03 applies to be set aside, the procedure provided by that rule must be followed. *Abbadessa v. Tindall,* 763 S.W.2d 178, 179 (Mo.App.1988). The rule provides that such an order or judgment shall be set aside for good cause shown upon written motion filed within six months from its entry. *Id.*

In this case, plaintiff did not file a motion to set aside the April 13 judgment. After expiration of the 30 days during which the trial court retained control over the judgment under Rule 75.01, there having been no motion filed that invoked the relief permitted by Rule 74.03, the trial court had no authority with respect to that judgment. *Cozart v. Mazda Distributors (Gulf), Inc.,* 861 S.W.2d 347, 353 (Mo.App.1993).

■ We observe that, notwithstanding the trial court's statement that the parties were not aware of the entry of the order granting the April 13 summary judgment until after time passed for its appeal, the May 3 docket entry states that the judgment was "stayed"

at request of Kenneth Gibert (erroneously referred to in the docket entry as "Kenneth Gilbert"), one of plaintiff's attorneys. As stated in *State ex rel. Vicker's, Inc. v. Teel*, 806 S.W.2d 113, 117 (Mo.App.1991), "The purpose of Rule 74.03 ... is to afford parties time in which to challenge judgments or orders of which they were otherwise unaware." A party who has knowledge of an order or judgment is not prejudiced by failure of the clerk to send notice that it was entered. *Id.*

Plaintiff did not timely appeal the summary judgment. Neither did she attempt to invoke relief under Rule 74.03. Under those circumstances there is nothing before this court for review. Appeal dismissed.

PREWITT and CROW, JJ., concur.