SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff–Respondent,

v.

Divad WELLS, Defendant–Appellant.

No. 67337.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 5, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 1996.

Application to Transfer Denied
May 28, 1996.

**56**

David M. Duree, Reinert & Duree, St. Louis, for appellant.

Tommie A. Harsley, St. Louis, for respondent.

DOWD, Judge.

Divad Wells ("Wells") appeals from the trial court's denial of his motion to set aside a default judgment entered against him and in favor of Safeco Insurance Company of America ("Safeco"). We affirm.

On July 12, 1991, a fire engulfed the St. Louis County home of Wells' father and step-mother. At the time of the fire, Wells was residing at that home. Wells' father died in the fire. Wells suffered significant burns in the blaze. Safeco issued a homeowners policy covering the Wells' home that was in effect at the time of the accident.

Wells filed a personal injury lawsuit in federal district court against his step-mother alleging her negligence caused the fire. Safeco hired a law firm to represent step-mother in federal court. Simultaneously, Safeco asserted its right, under a reservation of rights clause, to file a petition for declaratory judgment in St. Louis County to determine the extent of its duties under the policy. Safeco named both Wells and step-mother as defendants in the declaratory action. Neither party answered nor responded in any way to the declaratory action filed by Safeco although the trial court found both were served with process. Consequently, an interlocutory order of default was entered on July 21, 1993, and upon the evidence adduced at a

later hearing, a judgment was entered on August 30, 1993.

The trial court found Safeco had no duty to defend step-mother against the claim brought by Wells in federal court or any other claim brought by Wells relating to the July 1991 fire. The court also found Safeco was not obligated under the homeowners insurance policy to pay any judgment, relating to the above incident, because Wells' claim against step-mother was excluded from coverage in that Wells was a relative and/or a person under twenty-one, who was in the care of father and/or step-mother, and was residing at the insured household at the time of the accident.

On September 1, 1994, Safeco sent letters to the attorneys on both sides of Wells' personal injury suit notifying them of the default judgment entered a year and a day earlier. On October 7, 1994, Wells filed his "Motion for Relief from Judgment or Alternatively Motion to Set Aside Default Judgment" citing Rule 74.06(b)(4) or (5) and, alternatively, Rule 74.05(c) as the basis for relief from the default judgment.[1] Even though Wells filed a motion for relief, when a party seeks relief from a judgment by invoking the trial court's equitable powers, it may be treated as an independent suit in equity. *Cozart v. Mazda Distributors (Gulf), Inc.,* 861 S.W.2d 347, 352 (Mo.App.S.D.1993) (citing *Chrun v. Chrun,* 751 S.W.2d 752, 755 (Mo. banc 1988)). Therefore, the matter was tried without a jury under Rule 73.01. Further, Wells did not request specific findings of fact and conclusions of law; thus, all fact issues shall be considered as found in accordance with the result reached. Rule 73.01(a)(3).

We are guided by the familiar dictates of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The trial court shall be affirmed unless (1) no substantial evidence supports the judgment; (2) the judgment is against the weight of the evidence; (3) the judgment erroneously declares the law; or

---

1. We assume counsel's reference to Rule 74.05(c) was inadvertent and he was in fact relying alternatively on Rule 74.05(d).

(4) the judgment erroneously applies the law. *Id.* at 32.

■ Wells' "Points Relied On" in his brief fail to satisfy Rule 84.04(d) and the requirements of *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978), in that none of Wells' three "Points Relied On" state wherein and why the trial court erred. Furthermore, Wells failed to provide this court with an approved transcript. *See Fireman's Fund Insurance Company v. Brouk–Ziegler Motor Company,* 841 S.W.2d 778, 779 (Mo.App.E.D. 1992). This failure deprives us of the opportunity to review the actions of the trial court. *See Volvo Finance North America, Inc. v. Raja,* 754 S.W.2d 955, 957 (Mo.App.1988). Under the standard which governs our review, and given the brief and record provided by Wells, we must affirm the judgment before us. All three points are accordingly denied.

The judgment of the trial court is affirmed.

CRAHAN, P.J., and CRANDALL, J., concur.