# Leon C. MANNING and Gundrun S. Manning, Appellants,

v.

# Michael S. FEDOTIN, B. Williams Ginsburg, Inc., Research Medical Center, Health Midwest, Menorah Medical Center, Thomas O'Farrell, M.D., and Kansas City Vascular & General Surgeons, Respondents.

## No. WD 59356.

Missouri Court of Appeals, Western District.

Jan. 8, 2002.

Timothy W. Monsees, Kansas City, for appellant.

Kirk Goza, Douglas Beck, William Yocum, Richard Paul, Norman Reichel, Dine Waters, Kansas City, for respondent.

RONALD R. HOLLIGER, Judge.

Appellants Leon and Gundrun Manning (hereinafter "the Mannings") appeal the trial court's denial of their motion to set aside the dismissal of a medical malpractice action filed against respondents Michael S. Fedotin, B. William Ginsburg, Inc., B. William Ginsberg, Research Medical Center, Health Midwest, Menorah Medical Center, Kansas City Vascular & General Surgeons, and Thomas P. O'Farrell. For the reasons discussed below, we find no abuse of discretion by the trial court and affirm the decision not to set aside the judgment of dismissal.

**Factual and Procedural Background**

The Mannings filed a *pro se* petition against respondents on March 18, 1998, alleging medical malpractice. Specifically, the petition alleged that respondent Ginsburg perforated Leon Manning's colon in the course of conducting a colonoscopy procedure, leading to the introduction of air into his abdominal cavity. The Mannings also alleged negligence by certain respondents in their failure to timely diagnose these problems. Surgical intervention was ultimately required to repair the damage, which had become life threatening. There is suggestion in the briefs that Leo Manning is now incompetent, but it is unclear whether that was a result of the injuries he sustained from the alleged malpractice.

On the petition, the Mannings stated their address as P.O. Box 6604, 3236 Windsor, Kansas City, MO 64123. On April 6, 1998, the Mannings mailed to the Clerk of the Court (via certified mail) a letter requesting, in part, that the Clerk send "all

future correspondence" to their post office box (P.O. Box 6604, KCMO). The signature block of that letter contained the same address as set forth on the petition, however, containing both the post office box and street addresses. Around the same time, the Mannings also apparently notified the U.S. Post Office of a change of address.

The various respondents eventually filed motions to dismiss the *pro se* petition, nearly all premised upon the Mannings' failure to comply with the affidavit requirement of § 538.225, RSMo.[1] At least one of the motions (such as the motion to dismiss filed June 22, 1998) was mailed to the Mannings' post office box. Indeed, most, if not all of the subsequent motions to dismiss contained certificates of service listing the Mannings' mailing address as it was set out in the petition, which contained both the post office box and street addresses.

In response to the motions to dismiss, the Mannings, on September 4, 1998, sought a sixty-day extension of time to file the affidavit.[2] Later that day, after hearing oral arguments regarding the motion to dismiss, the trial court granted the Mannings' request for an extension of time. The court entered an order permitting the Mannings until November 4, 1998, to file the affidavit required under § 538.225. That order also clearly stated that the defendants' motions to dismiss were being taken under advisement and that the failure to file the required affidavit before the November 4 deadline would result in the dismissal of the case. While the certificate of service indicates that the

---

1. Respondent Menorah Medical Center moved to be dismissed from the action based upon a lack of personal jurisdiction. This motion was granted by the trial court, and the resulting dismissal was not appealed by the Mannings.

2. We note from the record that this request was filed in the trial division itself, not with the Jackson County Department of Civil Records.

order was mailed to the Mannings, it does not state to which address it was sent. The Mannings, in their statement of facts, do not explicitly contend that they did not receive this order, nor does the record on appeal suggest that copy of the order mailed to the Mannings was returned as undeliverable.

No affidavit was filed by the Mannings prior to the new deadline. Subsequently, on November 10, 1998, the respondents again sought a ruling on their motions to dismiss. A copy of this request was initially mailed by the respondents' counsel to the Mannings' street address. On November 23, 1998, respondents' counsel sent a second letter to the Mannings' post office box address indicating that he had sought the trial court's reconsideration of their motions to dismiss.

On November 23, 1998, the trial court entered an order dismissing the Mannings' petition without prejudice due to their failure to file the affidavit required by § 538.225. The Mannings contend that they never received a copy of this dismissal. The record on appeal reflects that the trial court mailed a copy of the dismissal to the Mannings at 3236 Windsor Ave., KCMO. This mailing was returned to the court, marked "attempted—not known/vacant." It does not appear that this mailing was resent by the trial court to the Mannings' post office box address.

The Mannings claim that they did not learn of the dismissal until over fifteen months later (February–March 2000). Three more months passed before the Mannings (through counsel) filed their motion with the trial court on June 19, 2000, seeking to vacate the November 24, 1998, order of dismissal. This motion was denied by the trial court, upon the basis that the motion was not filed until nearly nineteen months after the dismissal. In its order, the trial court relied upon Rule 74.03, which provides that a motion to vacate a dismissal is to be filed within six months of the dismissal.

## Standard of Review

■ The Mannings incorrectly take the position that we should apply a *de novo* standard of review to the trial court's denial of their motion to vacate the November 23, 1998, dismissal. When reviewing the denial of a motion to vacate the dismissal of an action, we may only reverse when a review of the record clearly and convincingly reveals that the trial court has abused its discretion in denying the requested relief. *See McMillan v. Wells,* 924 S.W.2d 33, 35 (Mo.App.1996). Bearing this standard of review in mind, we turn to the points on appeal raised by the Mannings.

## Is the Denial of the Motion to Set Aside the Dismissal an Appealable Order?

We first must address an issue candidly pointed out by the Mannings as it touches upon this court's jurisdiction. In this point the Mannings contend that the trial court's order, denying their motion to set aside the dismissal of their lawsuit, is an appealable special order given after final judgment.

■ This court has no jurisdiction to hear an appeal that is not taken from a final judgment or that does not fall within one of the exceptions delineated in § 512.020, RSMo. Even if not properly raised by the parties, issues regarding jurisdiction may be raised by this Court *sua sponte. Beckmann v. Miceli Homes, Inc.,* 45 S.W.3d 533, 538 (Mo.App.2001).

The right to appeal is statutory and derived from § 512.020, RSMo, which states:

**512.020. Who may appeal**

Any party to a suit aggrieved by any judgment of any trial court in any civil

cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case *or from any special order after final judgment in the cause;* but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

(italics added.) The issue is whether the trial court's order denying the Mannings' motion to set aside the dismissal of their case is a "special order after final judgment."

■■■ The first question, then, is whether the dismissal entered November 23, 1998, was an appealable final judgment. Generally, a dismissal without prejudice does not constitute a final appealable order. *Wilson v. Unistrut Serv. Co.,* 858 S.W.2d 729, 731 (Mo.App.1993). However, the Missouri Supreme Court has held that the dismissal of a petition for failure to file the affidavit required under § 538.225 constitutes a final judgment from which an appeal may be taken. *Mahoney v. Doerhoff Surgical Svcs.,* 807 S.W.2d 503, 506 (Mo. banc 1991)(*overruling Mullins v. Miller,* 796 S.W.2d 119 (Mo.App.1990)). Thus, the underlying dismissal is a "final judgment" for purposes of the statute.

We now turn to the question of whether the motion to vacate that dismissal qualifies as a "special order" within the meaning of the statute. This court has held that "[t]he phrase 'any special order after final judgment in the cause' refers to 'the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered.' " *GUI, Inc. v. Adams,* 978 S.W.2d 515, 517 (Mo.App. 1998) (citing *Helton Const. v. High Point Shopping Center,* 838 S.W.2d 87, 91 (Mo. App.1992)). An attempt to set aside a final judgment would appear to fall within this class of "special proceedings" contemplated by the statute. Accordingly, the trial court's order denying the Mannings' motion to set aside the dismissal would be a "special order" that would be appealable under § 512.020, RSMo. We therefore find that we have jurisdiction over the present appeal.

## Was the Dismissal Void Due to Lack of Notice to Plaintiffs?

For their first point on appeal, the Mannings argue that the failure of the trial court to provide them notice regarding the dismissal of their suit rendered the dismissal void. The Mannings therefore contend that the trial court erred in refusing to set aside the dismissal under Rule 74.06(b). Respondents reply that the provisions of Rule 74.06 are unavailable to the Mannings in this proceeding, and that they must look solely to Rule 74.03 for relief from the dismissal.

The Mannings' arguments begin with a challenge to the notice they were provided by the trial court after the dismissal order was entered. Specifically, they allege that the trial court failed to give the Mannings notice under Rule 43.01 that their case had been dismissed. Supreme Court Rule 74.03 requires a court to provide notice to the parties of any order or judgment through the means set out in Rule 43.01. We will assume, for the purposes of our discussion, here, that the notice required

under Rule 74.03 was not properly given by the trial court regarding the dismissal order. The Mannings presume that the defective notice renders the dismissal void and capable of being set aside under Rule 74.06.

■ Here, the alleged procedural defect regarding the dismissal order is the failure to provide notice under Rule 74.03. In such circumstances, the provisions of Rule 74.03, and not Rule 74.06 control. *See Abbadessa v. Tindall,* 814 S.W.2d 673, 676 (Mo.App.1991). Even though the issues at bar would seem to fall within the purview of both rules, we have previously held that Rule 74.03 provides the exclusive relief in such circumstances. *Id.* As in *Abbadessa,* we hold here that Rule 74.03 provides the exclusive relief available to the Mannings in this cause.[3]

Under Rule 74.03, a judgment or order entered without proper notice under the rule may be set aside by the trial court, but only upon a written motion showing good cause filed within six months of the entry of the judgment or order. The deadline provided by the rule is clear and unambiguous. *Vilsick v. Fibreboard Corp.,* 861 S.W.2d 659, 664 (Mo.App.1993). In interpreting Rule 74.03, the appellate courts have held that "to permit plaintiffs more than six months to challenge the judgment would not only be contrary to the clear terms of the rule, but would reward a lack of diligence in monitoring the status of the case. A party has a continuing duty to monitor a case from the filing of the case until final judgment." *Id.* *See also McMillan v. Wells,* 924 S.W.2d 33, 37 (Mo.App.1996). The Mannings failed to satisfy that duty, as they apparently waited until well over a year after the dismissal before investigating the status of their case. Their request to set the dismissal aside was not filed until approximately eighteen months after the dismissal. This is obviously well beyond the six month deadline provided by Rule 74.03, and the trial court did not abuse its discretion in denying the untimely motion.

■ The Mannings urge this court to ignore the six-month deadline due to their *pro se* status at the time the dismissal was entered. The cases they cite in support of their position, however, clearly point out that a *pro se* party cannot be afforded such special treatment. Indeed, it is well settled that a *pro se* party cannot be held to a different standard under the Rules of Civil Procedure than a party who is represented by counsel. *See Murphy v. Shur,* 6 S.W.3d 207, 208 (Mo.App.1999). "*Pro se* parties .... are not entitled to indulgences they would not have received if represented by counsel." *Belisle v. City of Senath,* 974 S.W.2d 600, 601 (Mo.App.1998). This principal is not grounded in a "lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Kline v. Casey's Gen. Stores, Inc.,* 998 S.W.2d 140, 141 (Mo.App.1999) (quoting *Sutton v. Goldenberg,* 862 S.W.2d 515, 517 (Mo.App.1993)). We must apply Rule 74.03 consistently to represented and unrepresented parties, and the Mannings'

---

**3.** Rule 74.03 does state, in part, that "This Rule 74.03 shall not preclude relief under Rule 74.06." This provision would appear to be applicable only to those circumstances where the judgment or order is sought to be set aside on grounds beyond mere lack of notice under Rule 74.03. To hold otherwise would render Rule 74.03 meaningless, as movants seeking to set aside a judgment or order would fall back on the more liberal filing requirements of Rule 74.06. The cases discussing Rule 74.03 have stressed the importance of the shorter time limitations in Rule 74.03. *See, e.g., Vilsick v. Fibreboard Corp.,* 861 S.W.2d 659, 664 (Mo.App.1993).

motion clearly fails to satisfy the express requirements for relief under that rule.

While their arguments are focused primarily upon the alleged failure of the trial court to provide notice of the dismissal as required under Rule 74.03, the Mannings also appear to contend in passing that they did not receive adequate notice from the trial court *prior* to the dismissal. A failure of notice prior to the dismissal could provide an alternative basis to attack the dismissal under Rule 74.06. *See Henningsen v. Indep. Petrochemical Corp.*, 875 S.W.2d 117, 119 (Mo.App.1994) (dismissal without prejudice for failure to prosecute invalidated due to lack of notice to the parties prior to the dismissal). Even though it is not entirely clear that the Mannings are claiming a defect in notice prior to the dismissal, we will briefly examine the question of whether the dismissal may be void or voidable due to lack of prior notice.

■ The Mannings, even though they were proceeding *pro se*, were clearly aware of the necessity of filing the affidavit required under §·538.225. Indeed, they filed a request with the trial division for a sixty-day extension for the filing of that affidavit. Their request also clearly establishes that the Mannings were aware of the pending motions to dismiss, as they also asked that the trial court deny those motions. Thus, it is obvious from the face of the record that the Mannings had actual notice of the motions to dismiss, had the opportunity to respond to those motions prior to the trial court's disposition of those motions, and took advantage of that opportunity.

As indicated above, the Mannings' request for extension of time was granted on September 4, 1998. The Mannings did not specifically allege at any stage of the proceedings below or before this court that they did not receive the order granting the extension of time. Instead, Mannings' filings before the trial court and in this appeal only explicitly discuss the dismissal order having been mailed to the incorrect address. The September 4 order providing for the extension of time also clearly stated that the defendant's motions to dismiss were being taken under advisement. It also provided that the failure by the Mannings to file the affidavit by November 4, 1998, would result in the dismissal of their case.

As the Mannings have failed to make any showing or specifically allege in this appeal that the September 4 order was not received by them, we presume that they received that order and were therefore on notice that the motions to dismiss remained pending. Even if that notice was not received, however, the Mannings were not prejudiced. Absent receipt of that order, they were already aware that dismissal motions were pending before the trial court and had not yet been ruled upon. Of course, they also knew that their request for extension of time was pending. The court gave the Mannings the full amount of time requested by them to file the affidavit, yet the Mannings took no further action by filing the affidavit or requesting an additional extension of time. Clearly, the Mannings had sufficient notice of the dismissal motions and the possibility that the trial court might dismiss their case. We find that the notice provided by the trial court to be sufficient, and the dismissal is neither void nor voidable due to lack of prior notice.

In summary, Rule 74.06 is not available to the Mannings in their attempt to set aside the dismissal, as their request falls squarely within the provisions of Rule 74.03. Given that the Mannings failed to file their request within the mandatory time frame within Rule 74.03, the trial court properly denied their request to set

848

aside the dismissal. The Mannings' first point on appeal is therefore denied.

## Did the Trial Court Lack Personal Jurisdiction to Dismiss the Case?

The Mannings' second point on appeal contends that the trial court did not have *personal jurisdiction over the plaintiffs* to dismiss their petition. They claim that this lack of personal jurisdiction rendered the dismissal void and subject to being set aside under Supreme Court Rule 74.06. Though they raise a novel premise, this premise is clearly incorrect under long-settled principles of personal jurisdiction.

■ While the Mannings claim that the lack of proper notice "deprived the Trial Court of personal jurisdiction over the plaintiffs," the cases cited by the Mannings do not support that proposition.[4] Indeed, their arguments seem to spring from a fundamental misunderstanding of personal jurisdiction. One of the elementary principles of personal jurisdiction is that a trial court obtains personal jurisdiction over a plaintiff upon the filing of the plaintiff's petition. *See* 12 STEVEN KATZ, MISSOURI PRACTICE § 39 (2nd Ed.1994). By such filing, voluntarily appearing before the court and requesting relief against the defendant, the plaintiff submits to the jurisdiction of the trial court. 21 C.J.S. *Courts* § 57 (1990). Once a trial court has personal jurisdiction over a party, that jurisdiction continues throughout all subsequent stages of the litigation. 1 ROBERT C. CASAD, JURISDICTION IN CIVIL ACTIONS § 1.08 (2nd Ed.1991). Once jurisdiction attaches in a proceeding, it cannot be lost, as the Mannings suggest, due to defective notice of subsequent proceedings.

The trial court's dismissal of the Mannings' suit was not void due to lack of personal jurisdiction over the plaintiffs. The Mannings' second point on appeal is therefore denied.

## Can the Dismissal Be Set Aside Under § 511.250, RSMo.?

For their third point on appeal, the Mannings suggest that the trial court had the authority under § 511.250, RSMo, to set aside the dismissal. This statute provides:

**511.250. Motion to set aside judgment must be filed within three years**

Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which such judgment was rendered.

The Mannings claim that this statute gives them a three-year window in which to seek to have the dismissal set aside.

■ A similar claim was raised in *Abbadessa v. Tindall,* 814 S.W.2d 673 (Mo. App.1991). In that matter, the appellant sought to set aside an order entered approximately two years earlier, but which had not been mailed to the parties in accordance with Rule 74.03. The appellant, relying on § 511.250, RSMo, argued that such an order could be set aside within three years of its entry. This court disagreed, holding that § 511.250, RSMo, had been superceded by Rules 74.03 and 74.06. *Id.* at 675–76. We held that the statute now applies only to those proceedings in which Rule 74 is not applicable. *Id.* In the present matter, Rule 74 is clearly applicable to this proceeding. As Rule 74 supercedes § 511.250, Rule 74 provides the exclusive remedy available to the Mannings.

**4.** *Grooms v. Grange Mut. Cas. Co.,* 32 S.W.3d 618 (Mo.App.2000), and *Cook v. Polineni,* 967 S.W.2d 687 (Mo.App.1998), concerned service of process as a prerequisite of personal jurisdiction over a *defendant.* Neither *City of Ex-celsior Springs v. Elms Redevelopment Corp.,* 18 S.W.3d 61 (Mo.App.2000), nor *Henningsen v. Indep. Petrochemical Corp.,* 875 S.W.2d 117 (Mo.App.1994), discuss personal jurisdiction at all.

The Mannings fail to discuss *Abbadessa*, nor does it appear that we have grounds to distinguish that prior matter from the case at bar. We follow its reasoning and hold that § 511.250 does not apply to the case at bar and cannot authorize relief from a dismissal beyond the time frames set out in Rule 74. The Mannings' third point on appeal is denied.

Having found no reversible error in the proceedings below, we hereby affirm the trial court's order denying the Mannings' motion to vacate the dismissal of their medical malpractice action against respondents.

EDWIN H. SMITH, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.