STATE of Missouri ex rel. Harvey F. EUGE, Assignee of Elmer Wilson Johnson, Plaintiff-Appellant,

v.

CITY OF ST. LOUIS et al., Defendants-Respondents.

No. 33843.

St. Louis Court of Appeals, Missouri.

July 27, 1971.

Motion for Rehearing or to Transfer to Court En Banc or to Transfer to Supreme Court Denied Oct. 6, 1971.

Application to Transfer Denied Dec. 13, 1971.

Harvey F. Euge, pro se.

Robert W. Van Dillen, City Counselor, Robert C. McNicholas, Associate City Counselor, St. Louis, for defendants-respondents.

DOWD, Judge.

This is an appeal from an order of the trial court dismissing plaintiff's petition "* * * For Review of Administrative Procedure Under Chapter 536 of MRS (sic) 1959 and for a Stay Order under Section 536.120 MRS (sic) 1959." Plaintiff is attempting to reverse the order of the Board of Building Appeals which affirmed the Building Commissioner's order condemning property allegedly owned by plaintiff.

The plaintiff, a frequent litigant in this court, has represented himself at each stage of this proceeding.[1]

The office of Building Commissioner for the city of St. Louis inspected the realty located at 2607 Park Avenue and found the building to be in a dangerous condition and "an immediate danger to the lives of persons" and also found that the "building cannot be reasonably made safe without

1. See Euge v. Trantina et al. (8th Cir.), 422 F.2d 1070 which involved different realty but the same parties and issues. The trial court held the ordinance was constitutional on its face and dismissed the complaint. It was affirmed on appeal.

demolition and removal * * *." Detailed findings by the Building Commissioner as to the condition of this two story building were sent to Elmer W. Johnson by registered mail at the address of the property on October 31, 1969. Johnson was ordered to remove the building within a seven day period. He was also notified that he had seven days to appeal the decision of the Building Commissioner to the Board of Building Appeals (hereinafter Board). The Building Commissioner in this letter stated he was proceeding under Section 2126 of the Building Code (Ordinance 50502). Plaintiff alleges that on November 5, 1969 Elmer W. Johnson conveyed his interest in the realty to plaintiff.

On November 7, 1969 plaintiff appealed to the Board. This appeal was heard on November 17, 1969. On November 19, 1969, the Board affirmed the order of the Building Commissioner condemning the property and made the following findings of fact: That Elmer Wilson Johnson was the owner of record of the building at the time it was condemned on October 31, 1969; that plaintiff had been a tenant of Johnson and purchased the property on November 5, 1969 and recorded the deed on November 7, 1969 which is the date of the appeal; that the building is in such condition as to endanger the lives of persons and to endanger other property; and, that it constitutes a serious fire hazard. This decision of the Board was received by the plaintiff on November 20, 1969.

On December 19, 1969 plaintiff filed this petition for review and asked the court to declare the building code and the ordinances involved unconstitutional and that the defendants be enjoined and restrained from demolishing the building.

On January 19, 1970 the trial judge granted plaintiff's request for thirty additional days to file in the trial court the transcript of the record before the Board.

On February 18, 1970 plaintiff again asked in writing for an additional thirty days extension to file the transcript. In this second request for extension, the plaintiff stated that he was financially unable to deposit the required sum of $65.00 to prepare the transcript but "[t]hat petitioner hopes that he will be able to raise the said sum by some hook or crook or that it may fall from the sky as a gift from Heaven. WHO KNOWS what the future will hold?" This second request was denied by the trial court on February 20, 1970.

On April 10, 1970 plaintiff filed an oral motion for additional time to file in the trial court the transcript of the proceedings before the Board. This was denied by the trial court. On this same date, the defendants filed an oral motion to dismiss plaintiff's petition contending that plaintiff failed to comply with Section 536.130, particularly sub-section 1(3) V.A.M.S. (Record on Judicial Review). This section reads in part:

"1. Within thirty days after the filing of the petition or within such further time as the court may allow, the record before the agency shall be filed in the reviewing court. Such record shall consist of any one of the following:

"(1) Such parts of the record, proceedings and evidence before the agency as the parties by written stipulation may agree upon;

"(2) An agreed statement of the case, agreed to by all parties and approved as correct by the agency;

"(3) A complete transcript of the entire record, proceedings and evidence before the agency. * * *

* * * * * *

"(4) The record to be filed in the reviewing court shall be filed by the plaintiff, * * *."

On April 10, 1970 the trial court sustained defendants' motion to dismiss plaintiff's petition for the stated reason that plaintiff failed "to comply with all of the provisions of Sec. 536.130 RSMo 1959,

VAMS, especially for the reason that no record before such agency, to-wit, the 'Condemnation Committee of the Board of Building Appeals' has ever been filed to date in this court."

The sole issue here is whether the trial court abused its discretion in refusing to grant plaintiff additional time to file the transcript and in dismissing his petition. We agree with the action of the trial court and hold that it ruled properly.

Section 536.140 governs the scope of judicial review under our Administrative Procedure and Review Act.[2] The part of this section pertinent to this appeal is as follows:

"1. The court shall hear the case without a jury and, * * * shall hear it upon the petition and record filed as aforesaid."

This section then provides that the review may extend to a determination of whether the action of the agency is supported by competent and substantial evidence upon the whole record.

Here the trial court was reviewing the action of the Board upon the basis "of the petition and record filed." Plaintiff was required by Section 536.130 to file the transcript with the reviewing court within thirty days after filing his petition for review unless the time was extended by the trial court. Our Supreme Court in In re Village of Lone Jack, Mo., (banc) 419 S. W.2d 87 discussed Section 536.130 in a case which involved a judicial review of a county court order approving a petition for incorporation of a village. The record filed in the circuit court in that case did not include the testimony taken at a hearing before the county court. Our Supreme Court relied upon Section 536.130 (Rule 100.06) and held at l. c. 90 [1]: "[t]his record does not meet the requirements of the statute or rule; its deficiency or shortcoming will not permit that review required by § 536.140", and then stated at l. c. 90 [2] "[p]arties desiring that their interests be reviewed in accordance with § 536.140 will see to it that the full record necessary for proper review is certified to the initial reviewing court; * * *."

Here the plaintiff failed completely to comply with the statute (§ 536.130) requiring him to furnish a transcript with the trial court. He was granted a thirty day extension for filing the transcript but still no transcript was forthcoming. Then on February 18, 1970 the plaintiff requested another extension on the grounds of financial inability with no assurance that he would file the transcript on a day certain. He stated in this request that he hoped to raise the money for the transcript "by some hook or crook or that it may fall from the sky as a gift from Heaven." The court being unwilling to wait for this miracle denied the request.

Then, on April 10, 1970 which is almost four months after the filing of the petition, and with still no transcript filed, the court dismissed the petition because of the failure to file the transcript. The trial court properly dismissed the petition for with no transcript before it there was nothing for the court to review.

The judgment of dismissal is affirmed.

BRADY, P. J., and WOLFE, J., concur.

2. All statutory references are to RSMo 1969, V.A.M.S., and all references to rules are to the Supreme Court Rules of Civil Procedure, V.A.M.R.