**Minnie E. T. GORE and Jennye Robinson, Appellants,**

v.

**R. Dean WOCHNER, M.D., Director, Department of Health and Hospitals for the City of St. Louis, et al., Defendants.**

No. 38754.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 4, 1977.

Motion for Rehearing and/or Transfer Denied Nov. 14, 1977.

John Belles, St. Louis, for appellants.

John J. Fitzgibbon, St. Louis, for defendants.

CLEMENS, Presiding Judge.

Appeal by two civil service employees from the circuit court's dismissal of their petition for review, by which they challenged their dismissal as municipal employees.

The St. Louis Municipal School of Nursing discharged plaintiff-employees. They appealed to the City's Civil Service Commission which held extensive hearings and affirmed the discharges on October 14, 1975. Transcript of the commission hearings and order was furnished promptly to counsel who then represented plaintiffs.

November 12, 1975 plaintiffs petitioned the circuit court for review of the order of dismissal. The circuit court dismissed plaintiffs' petition for review on the ground of late filing of the transcript and they have appealed.

On appeal to this court plaintiffs raise an extraneous point: That the trial court erred in denying *their motion for intervention* "which raised new matters . . . not shown on the record." This motion was filed in the circuit court on April 1, 1976 by attorney Bruce Nangle, until then a stranger to the record, alleging he had an employment contract with plaintiffs relating to alleged misconduct by individual defendants during the time plaintiffs' appeal was pending before the Civil Service Commission. If this vague motion was made on behalf of plaintiffs there was no need for intervention since they were already before the court as plaintiffs. If the motion was made on behalf of Mr. Nangle individually, there is strong doubt as to his standing. We need not resolve this.

As a general rule judicial review of administrative decisions is limited to matters that arose before the administrative agency and "deals only with questions of law that appear on the face of the record," thus precluding consideration of evidence other than that before the agency. *State ex rel. Weinhardt v. Ladue Professional Building, Inc.*, 395 S.W.2d 316[6–9] (Mo. App.1965).

To have the circuit court review the Nangle motion, plaintiffs rely on a statutory exception to the face-of-the-record rule. They cite § 536.140(4), RSMo. 1969, declaring (with our emphasis): "The Court *may* in any case hear and consider evidence of alleged irregularities *in procedure* or of unfairness by the agency, not shown in the record." The word "may" indicates hearing further evidence in the circuit court is discretionary, and that evidence is limited to "irregularities in procedure." It does not warrant a hearing *de novo. State v. Randall*, 275 S.W.2d 758[3, 4] (Mo.App.1955). We find no error in the circuit court's denial of plaintiffs' point on intervention.

We move to plaintiffs' principal point: That the circuit court erroneously denied their petition for review because of the untimeliness of filing the transcript of the administrative proceedings.

By Section 536.130, RSMo. 1969, plaintiffs' right to judicial review required them to file a transcript of the commission's proceedings by December 12, 1975, i. e., "within thirty days after the filing of the petition for review or within such further time as the court may allow." Plaintiffs, without leave of court, lodged the transcript with the circuit court on May 19, 1976, that being 158 days late. The circuit court ruled: "Time for filing the same pursuant to law having elapsed, the Court will not cause the same to be filed without motion and notice to all parties together with a hearing to determine whether or not the failure to file the same was the result of excusable neglect. Sup.Ct. Rule 4401(b)(2)." Defendants immediately moved to dismiss plaintiffs' petition for review on the ground they had failed to timely file the transcript. Plaintiffs countered this—102 days later— by moving to permit late filing of the transcript. Plaintiffs did not present their motion for late filing until October 8, 1976, which was 301 days after the transcript was due. In their belated motion plaintiffs contended they had changed counsel and their present counsel had not obtained the transcript until "March of 1976." They did not file it in the circuit court however until May 19, 1976. Plaintiffs' conduct was permeated with inexcusable delays.

The circuit court considered the parties' motions, relying on *State ex rel. Euge v. City of St. Louis*, 472 S.W.2d 666 (Mo. App.1971) upholding dismissal of a petition for review for failure to file a transcript four months after it was due. Considering defendant's burden to timely file the transcript (*In re Village of Lone Jack*, Mo., 419 S.W.2d 87[2] (Mo.1967)), we hold the trial court did not abuse its discretion in denying plaintiffs' motion for late filing and dismissing plaintiffs' petition for review.

Judgment affirmed.

DOWD and SMITH, JJ., concur.