**CITY OF RICHMOND, Respondent,**

v.

**Donald SUDDARTH, Appellant.**

**Nos. WD 61809–WD 61811.**

Missouri Court of Appeals,
Western District.

Sept. 30, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 25, 2003.

Bruce B. Brown, Kearney, for Appellant.

R. Brian Hall, North Kansas City, for Respondent.

Before ELLIS, C.J., LOWENSTEIN and ULRICH, JJ.

HAROLD L. LOWENSTEIN, Judge.

On June 13, 2001, the City of Richmond ("City"), pursuant to ordinances in compliance with the enabling legislation contained in Section 67.400,[1] proposed the demolition of three of appellant Donald Suddarth's buildings, which the City, at the conclusion of a hearing, deemed a nuisance. During the hearing, Suddarth was unrepresented by counsel, as he was when he filed three so-called "Motions to Appeal" in the Circuit Court of Ray County. Suddarth had not filed a copy of the record with the court, within thirty days of the filing of any of these motions, as required by Section 536.130.[2] The City moved to dismiss his motions for, among other reasons, failure to timely file a copy of the administrative record. At this point, Suddarth hired counsel. Seven months later, still no record had been filed with the trial court. On June 12, 2002, the trial court granted the City's motion to dismiss the Suddarth motions, treating them as petitions for judicial review. The judgment of dismissal was without prejudice and was entered June 12, 2002, nearly one year after the City's demolition order. Suddarth's appeal followed. A timeline of the procedural events follows:

| Date | Description |
| --- | --- |
| June 13, 2001 | The City, after hearing, enters an order declaring three of Suddarth's buildings dangerous. |
| July 13, 2001 | Suddarth files in the circuit court a "Motion to Appeal" City's determination that the buildings are dangerous. |
| October 2, 2001 | The City files a motion to dismiss the cases on several grounds, including Suddarth's failure to comply with Section 536.130.4 by not filing a record. |
| October 17, 2001 | Suddarth retains counsel. |
| May 7, 2002 | Hearing is held on the City's motion to dismiss. Court notes that Suddarth still had failed to file the record. |
| June 12, 2002 | The Court, pursuant to Section 536.130.4 (failure to file a record), sustains the City's motion, and without prejudice dismisses Suddarth's "Motion to Appeal." |

## I.

Before proceeding to the merits, this court must first ascertain whether there has been a final judgment of the dismissal of what is in reality Suddarth's petition for judicial review under Section 536.130. *See Logan v. Sho–Me Power Elec. Coop.*, 83 S.W.3d 109, 111 (Mo.App. 2002). In general, a dismissal without prejudice is not a final judgment and, hence, not appealable, unless an exception applies. *Chromalloy Am. Corp. v. Elyria*

---

1. All statutory references are to RSMo. (2000). Section 67.400 provides in pertinent part that a city may enact ordinances for the mandatory demolition of buildings that are determined to be unsafe.

2. 536.130 Record on Judicial Review

1. Within thirty days after the filing of the petition or within such further time as the court may allow, the record before the agency shall be filed in the reviewing court.

 ❖ ❖ ❖

4. The record to be filed in the reviewing court shall be filed by the plaintiff. . . .

*Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997). There are two exceptions to this rule. *Id.* "[W]here the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum" or where dismissal "may operate to preclude the party from bringing another action for the same cause and may be res judicata of what the judgment actually decided," an appeal will lie. *Id.*

■ In this case, a dismissal of Suddarth's appeal would kill any attempt by him to have the City's demolition order reviewed. Suddarth's petition was dismissed without prejudice. "A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred . . ." Rule 67.01. Here, a new petition for review would be "otherwise barred," for if this court were to dismiss Suddarth's appeal for lack of a final judgment, Section 536.110, which requires a party to file a petition for review of an agency decision within thirty days "after the mailing or delivery of the notice of the agency's final decision," would bar him from refiling, since this thirty-day period has long since expired. *See Rackley v. Firemen's Ret. Sys.,* 848 S.W.2d 26, 29 (Mo.App.1993). Because *Chrommalloy's* first exception applies, this court has jurisdiction to review the trial court's judgment.

■ The trial court concluded that Suddarth's failure to file a record warranted the dismissal of his petition. The filing of a record within the thirty-day period established by Section 536.130.4 is not a jurisdictional requirement. *Orion Sec., Inc. v. Bd. of Police Comm'rs of Kansas City,* 43 S.W.3d 467, 470 (Mo.App.2001). However, just as the reviewing trial court may exercise its discretion to extend the deadline for filing the record, *Knapp v. Mo. Local Gov't Employees Ret. Sys.,* 738 S.W.2d 903, 910–11 (Mo.App.1987), so it may, in its discretion, decide not to extend the time—that is, it may dismiss the suit. *Bland v. City of Trenton,* 618 S.W.2d 438, 441 (Mo.App.1981); *Gore v. Wochner,* 558 S.W.2d 333, 335 (Mo.App.1977). (The failure to file a record is akin to failure to prosecute, for which the trial court has the inherent power to dismiss a civil or criminal action. *See State v. Honeycutt,* 96 S.W.3d 85, 89 (Mo. banc 2003).) Discretionary decisions are presumed correct and reversed only when the trial court has abused its discretion. *Mo. Dep't of Transp. ex rel. PR Developers, Inc. v. Safeco Ins. Co. of Am.,* 97 S.W.3d 21, 40 (Mo.App.2002). If the trial court's decision is reasonable, it has not abused its discretion. *Id.*

In this court, Suddarth admits that he has not complied with Section 536.130.4, but, nevertheless, contends the trial court erred because it failed to take into account, under a theory he now proposes, the City's burden of proof regarding the filing of a record. According to Suddarth, a trial court may not grant an agency's motion to dismiss a petition for review unless the court first concludes that the movant-agency has proved (1) that it *prepared* a record and (2) that it was *prejudiced* by the non-movant's failure to timely file a record. Suddarth has not claimed that the City did not create a record nor that the City refuses to provide him a copy of the record. It should again be noted that Suddarth has never requested the record nor has he, ante or post counsel, ever attempted to obtain court approval for additional time in which to supply the record.

## II.

### A. BURDEN OF PROOF REGARDING PRODUCTION OF RECORD FOR A PETITION FOR JUDICIAL REVIEW

■ Suddarth assumes that a motion to dismiss for failure to timely file a record,

as required by Section 536.130.4, cannot be granted unless the trial court first finds that the administrative agency—here, the City—actually produced an adequate record. There is no such requirement in Section 536.130 or in any other authority cited by Suddarth.

■ What Suddarth is asking this court to do is to excise the burden on petitioners seeking review of agency adjudications where the agency acts as both prosecutor and adjudicator. The general rule is that appellants (petitioners seeking judicial review of agency decisions are akin to appellants) have the burden to provide a record on appeal that provides meaningful review. *Wright v. Dir. of Revenue,* 50 S.W.3d 344, 346 (Mo.App.2001). Section 536.130.4 clearly places the burden of filing a record on the plaintiff-petitioner.

■ The general rule and Section 536.130 seem to presuppose that an adequate record was prepared. Against this conclusion, Suddarth argues that because the City had the burden to prove that he did not timely file a proper record, this implies that the City has the burden to first prove that a record was produced. However, to prevent dismissal of his case, all Suddarth had to do was to ask the City to transmit a copy of the record to the clerk of the reviewing court. § 536.130.4. If the City failed to do so, Suddarth could have applied for a writ of *mandamus. State ex rel. Bunker Res. Recycling & Reclamation, Inc. v. Mehan,* 782 S.W.2d 381, 389 (Mo. banc 1990) ("A writ of mandamus may issue in cases where the ministerial duties sought to be coerced are simple and definite, arising under conditions admitted or proved and imposed by the law."). Because fairness does not necessitate creating Suddarth's proposed burden of proof and because such a burden of proof would result in a waste of judicial and administrative resources, this court

rejects Suddarth's claim, a claim to which his other arguments, which this court now turns to provide no support.

Suddarth relies on *Rose v. State Board of Registration for Healing Arts,* in which the Supreme Court of Missouri held that "simply because the administrative agency initiates the charge and then tries it does not, alone and of itself, vitiate the proceedings ... due process is accorded despite such procedure, where judicial review is provided." 397 S.W.2d 570, 574 (Mo.1965). He claims that, unless this court recognizes this burden of proof, his right to judicial review would be gutted. He is mistaken; judicial review *was* available to Suddarth and all those in his position. He just didn't comply with the procedural ground rules for review, rules that *Rose* does not put into question.

In *Gore v. Wochner,* 558 S.W.2d 333, 335 (Mo.App.1977), this court held that a plaintiffs right to judicial review of an agency decision requires plaintiff-petitioner to file a copy of the transcript within the thirty-day period set by Section 536.130. That he was proceeding *pro se* does not relieve Suddarth of an obligation to comply with Section 536.130. *See Manning v. Fedotin,* 64 S.W.3d 841, 846 (Mo.App.2002) ("Indeed, it is well settled that a pro se party cannot be held to a different standard under the Rules of Civil Procedure than a party who is represented by counsel.").

■ That Suddarth's case might involve a constitutional taking, *see* U.S. Const. amend. V, does not mean, as he claims, that the City had the burden to prove it produced a proper record. No principle of law excuses a party (even one proceeding *pro se*) from complying with applicable procedural rules because the case to be reviewed raises constitutional issues. In any event, since Suddarth has not cited authority for this claim, nor ex-

plained why there is no authority for it, it is deemed abandoned. *McNear v. Rhoades,* 992 S.W.2d 877, 886 (Mo.App. 1999).

Suddarth next observes that Sections 67.400 to 67.450 "clearly evinces a legislative intent to afford the owner of the property both procedural and substantive due process." The legislative intent that a party have an opportunity for judicial review does not mean or imply that the party is excused from complying with the procedural preconditions of review—here, Section 536.130. The right to appeal is purely statutory. *State v. Larson,* 79 S.W.3d 891, 892 (Mo. banc 2002). Section 536.130 is one aspect of the statutory scheme for reviewing contested cases.

Suddarth, citing *Greene County v. Hermel, Inc.,* 511 S.W.2d 762, 764 (Mo.1974), also notes that there is a public interest in having cases disposed of on the merits. *Greene County* said that courts should dispose of cases on the merits "if possible, e[s]pecially where the party in default has attempted in good faith to comply." *Id.* Arguably, Suddarth has not acted in good faith. He has had over a year and his attorney over seven months to file a copy of the record. Without a record, it is hard to see how the trial court could have provided meaningful review. Section 536.140.1.

Any excuse for Suddarth's inactivity during the pendency of his motion for judicial review is shorn by the language of Judge Dowd for the court in *State ex. rel. Euge v. City of St. Louis,* 472 S.W.2d 666 (Mo.App.1971), where the appropriate St. Louis board had ordered a building's demolition. The eastern district recognized the landowner's request, which was allowed, for an additional thirty days to file a record with the trial court. *Id.* at 667. The second request for thirty more days was denied, and the court dismissed the petition. The appeals court upheld the dismissal, saying the plaintiff had failed to completely comply with the statute (Section 536.130) requiring him to furnish a transcript with the trial court. *Id.* at 668. When four months had elapsed after the filing of the petition, and the transcript still had not been filed, the appeals court concluded that the trial court's dismissal was proper. *Id.*

**B. BURDEN OF PROOF REGARDING PREJUDICE**

 This contention seems to say that a trial court cannot dismiss a petition for review unless it finds that the failure to file a record prejudiced the City. Suddarth does not cite authority on point, nor explain why there is no authority on point, so the argument is deemed abandoned. *McNear,* 992 S.W.2d at 886.

*Bland v. City of Trenton,* which Suddarth does cite, does not support his position. 618 S.W.2d 438 (Mo.App.1981). In *Bland,* this court held that the trial court did not abuse its discretion in *denying* a party's motion to dismiss. *Id.* at 441. If a proper record is not before a trial court (Section 530.140.1) when it considers dismissing the case, harm to the movant seems irrelevant, for without a record, as noted before, the trial court cannot provide review. *See, Jackson v. State,* 514 S.W.2d 532, 534 (Mo.1974) ("Where no record of the proceedings complained of is furnished there is nothing for the appellate court to decide.").

 Suddarth's further attempt to analogize the trial court's ruling to an invocation of *laches* is also unconvincing. The doctrine of *laches* is an "equitable doctrine barring a claim if an unreasonable delay prejudices an opposing party." *O'Connell v. Sch. Dist. of Springfield R–12,* 830 S.W.2d 410, 417 (Mo. banc 1992). By defi-

nition, *laches* is appropriate only when the party invoking the doctrine has been prejudiced. Suddarth's petition was dismissed because of his noncompliance with Section 536.130.4, which does not require proof of prejudice.

In sum, a circuit court contemplating dismissing a petition for review of an agency adjudication in a contested case because of failure to timely file an adequate record, as required by Section 536.130.4, need not first find that movant agency has proved that it has produced an adequate record. Nor need it find that noncompliance with Section 536.130 prejudiced the movant before dismissing the petition. Thus, the trial court did not err in granting the City's motion to dismiss appellant Suddarth's petition for judicial review.

The judgment of the trial court is affirmed.

All concur.