Chrystal L. DICKENS,
Petitioner/Appellant,

v.

MISSOURI DEPARTMENT OF
HEALTH AND SENIOR SERVICES,
Respondent/Respondent.

No. ED 87591.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 31, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 7, 2006.

Matthew J. Ghio, Chackes, Carlson, Spritzer & Ghio, LLP, St. Louis, MO, for appellant.

Amy L. Braudis, Assistant Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Petitioner, Chrystal L. Dickens, appeals from the circuit court's judgment dismissing for failure to prosecute her action seeking judicial review of an administrative decision by respondent, the Department of Health and Senior Services (DHSS). We affirm.

Petitioner was a certified nurse assistant at a long-term care facility. On December 3, 2004, DHSS sent a Notice of Violation to petitioner of its intent to place petitioner on the employee disqualification list for eighteen months for knowingly or recklessly abusing a resident of a licensed facility. Petitioner appealed. After an administrative hearing, DHSS entered a decision and order affirming the proposal to place petitioner on the employee disqualification list.

On June 22, 2005, petitioner filed a petition for judicial review in the circuit court. On July 22, 2005, she filed a Notice of Filing of Administrative Record, in which she recited that she was filing two audiotapes of the administrative hearing as part of the record. On August 6, 2006, DHSS notified petitioner's attorney that section 536.130.1(3) RSMo (2000)[1] required petitioner to submit a transcript of the proceedings, that a transcript was necessary because the briefs could not cite audiotapes, and that DHSS would not agree to substitute the tapes for a transcript. DHSS further advised that it would not oppose a reasonable continuance for petitioner to prepare and file a transcript. Petitioner did not file a transcript, request a continuance, or respond to DHSS. On December 8, 2005, DHSS moved to dismiss the action for failure to prosecute for the reasons that petitioner had not filed a transcript and had not contacted DHSS about a continuance to file the transcript. After a hearing, the trial court granted the motion and dismissed the action.

■ We will not reverse a judgment dismissing an action for failure to prosecute in the absence of an abuse of discretion. *Belleville v. Director of Revenue,* 825 S.W.2d 623, 624 (Mo. banc 1992). An abuse of discretion occurs when the ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* at 624–25.

---

1. All further statutory references are to RSMo (2000).

■ For her sole point on appeal, petitioner asserts that the trial court abused its discretion in granting DHSS's motion to dismiss for failure to prosecute because the parties disputed whether audiotapes of the hearing constituted a transcript for the purposes of section 536.130.1(3). We disagree.

■ First, this issue was not preserved for appeal. The legal file does not contain any document showing that petitioner ever raised this issue in the circuit court. There is no record that petitioner ever filed any motion, pleading, or response to a motion or pleading indicating that she was taking the position that the audiotapes constituted a transcript. The judgment entered by the court does not reference this issue. We will not convict a circuit court of error on theories that were not presented to it. *Watts v. Sechler,* 140 S.W.3d 232, 236 (Mo.App.2004).

■ In her brief petitioner contends that she orally raised this issue at the hearing on the motion to dismiss. No record was made of this proceeding. It was petitioner's responsibility to have a record made in order to preserve this claim for appeal. *Leahy v. Leahy,* 858 S.W.2d 221, 228–29 (Mo. banc 1993).

■ Even if this issue was preserved, it has no merit. Rule 100.01 provides that the provisions of sections 536.100 through 536.150 govern procedures in circuit courts for judicial review of actions of administrative agencies, unless the statute governing a particular agency has different provisions. Section 536.130.1 provides that within thirty days after filing the petition for review, the record must be filed in the reviewing court. If a petitioner is proceeding under section 536.130.1(3), the record must consist of "complete transcript of the entire record, ˙proceedings and evidence before the agency." Section 536.130.1(3). It is the petitioner's duty to file this record. Section 536.130.4.

Chapter 536 does not define "transcript." Therefore, we give the word "transcript" its plain and ordinary meaning. *State ex rel. Broadway–Washington Assoc., Ltd. v. Manners,* 186 S.W.3d 272, 275 (Mo. banc 2006); *Asbury v. Lombardi,* 846 S.W.2d 196, 201 (Mo. banc 1993). In the context of a hearing, a transcript is defined as "[a] handwritten, printed, or typed copy of testimony given orally; esp., the official record of proceedings in a trial or hearing as taken down by a court reporter." BLACK'S LAW DICTIONARY 1535 (8th ed.2004). An audio recording is not a handwritten, printed or typed copy, and, thus, is not a transcript. The filing of an audio recording of the hearing in the reviewing court does not comply with the direction to file a complete "transcript" of the "proceedings" before the agency.

■ Petitioner failed to timely file a transcript of the agency hearing or seek a continuance to do so in the nearly six months after she filed her petition or in the four months after DHSS called this issue to her attention. In these circumstances, the circuit court did not abuse its discretion in dismissing her action. *See City of Richmond v. Suddarth,* 120 S.W.3d 212, 215–18 (Mo.App.2003). Point one is denied.

*Conclusion*

The judgment of the circuit court is affirmed.

ROY L. RICHTER, J. and SHERRI B. SULLIVAN, J., concur.