**April ICE, Appellant,**

v.

**Tony HARRIS, and Personnel Advisory Board, Respondents.**

**No. SD 29973.**

Missouri Court of Appeals,
Southern District,
Division One.

April 29, 2010.

against her which found she was rightfully terminated by her employer, Southeast Missouri Residential Services ("SE-MORS"), through her supervisor, Respondent Tony Harris ("Mr. Harris").[1] In two points relied on, Appellant challenges the trial court's dismissal of her request for judicial review and the dismissal of the PAB from the lawsuit because she maintains it was the PAB's responsibility to "perfect the record on appeal" and with the PAB removed from the lawsuit she can no longer "demand that 'the agency' file with the circuit clerk the record on appeal...." We affirm the judgment of the trial court.

The record reveals that on August 17, 2007, Appellant was terminated from her position with SEMORS based on allegations she "failed a random drug test" by utilizing marijuana while on vacation. On September 6, 2007, Appellant appealed her termination to the PAB and sought a contested administrative hearing. The PAB conducted a hearing on February 26, 2008, and on May 13, 2008, it issued its "Findings of Fact, Conclusions of Law, Decision and Order" in which it affirmed Appellant's termination.

On May 22, 2008, Appellant filed her "Petition for Judicial Review" with the circuit court of Butler County, Missouri, pursuant to section 536.110, RSMo Cum.Supp. 2004. On this same date, Appellant also filed a "Notice of Appeal and Request for Transmittal of Record" in which she requested the PAB "transmit the complete record, including a complete transcript of the hearing ..." to the trial court. On June 13, 2008, the PAB filed a motion to

John M. Albright, Poplar Bluff, for appellant.

Chris Koster, Atty. Gen. and Michael R. Cherba, Asst. Atty. Gen., Jefferson City, for respondent, Tony Harris.

Sarah Ledgerwood, Jefferson City, for respondent, Personnel Advisory Board.

ROBERT S. BARNEY, Judge.

April Ice ("Appellant") appeals the trial court's dismissal of her petition for review which requested the trial court review the decision of Respondent Personnel Advisory Board ("the PAB") and its ruling

1. SEMORS is "a facility within the Division of Mental Retardation and Developmental Disabilities and the Department of Mental Health" such that its employees fall under the purview of Section 36.030.1, Cum.Supp.2007. "Those agencies listed in [section] 36.030.1 are designated 'merit' agencies, which means, *inter alia*, that regular employees of those agencies have a right of appeal to the [PAB] if they are dismissed, suspended for more than five days, or involuntarily demoted." *Snyder v. Dept. of Elementary and Secondary Educ.*, 952 S.W.2d 764, 767 (Mo.App.1997); *see* § 36.390.5, Cum.Supp.2006.

dismiss Appellant's petition for judicial review arguing that "[t]he PAB and its members are not proper parties to an appeal of one of their decisions...."

Appellant answered by filing her "Answer to [the PAB's] Motion to Dismiss, Motion to Compel, and Notice of Intent to Challenge Constitutionality." In this motion, she asserted that section 536.130, RSMo 2000, required "the agency" involved in the judicial review to produce and transmit the record on appeal to the circuit court at the insistence of the appellant; that section 536.070, RSMo 2000, required the agency to record the proceedings and "to provide a transcript at a reasonable cost" to the appellant; that she could not afford to prepare such a transcript on her own; that it would be unconstitutional to allow only those who can afford to have a transcript prepared to proceed through the judicial review process; and that the PAB should be compelled by the trial court to produce a copy of the transcript. The following day she filed a "Motion for Extension of Time to File Record on Appeal" "until July 30, 2008[,] to file the [r]ecord on [a]ppeal in the above cause of action."

On June 30, 2008, the PAB filed certain certified records from the underlying action with the trial court, but as best we discern, it did not file a copy of the transcript from the February 26, 2008, hearing. The PAB then sent "[t]he digital audio recording" from the February 26, 2008, hearing to Appellant's attorney "for transcription."

On July 28, 2008, the trial court granted the PAB's motion to dismiss and ruled "Defendant [SEMORS through its representative, Mr. Harris] [is] to file [the] transcript of proceeding[s] with [this] court." On August 24, 2008, during a telephone conference, counsel for Mr. Harris sought clarification on this ruling from the trial court and the trial court "instructed [Mr. Harris's counsel] to inform [Appellant's] [c]ounsel that whichever party wanted a transcript [they] could use an audio recording to obtain and pay for it themselves." Mr. Harris's counsel then phoned Appellant's counsel about the conversation with the trial court and Appellant's counsel informed him "that either the PAB or [Mr. Harris] were going to have to pay for preparation of the transcript of the February 26 hearing."

On August 25, 2008, Mr. Harris filed an audio recording of the February 26, 2008, hearing with the trial court, and on August 28, 2008, Appellant filed a Motion for Contempt against both Mr. Harris and the PAB, although the PAB had already been dismissed from the lawsuit. In this motion, Appellant argued she needed "the transcript to prosecute this appeal" and the PAB and/or Mr. Harris were statutorily required to prepare the transcript on her behalf. A hearing was held on Appellant's motion on October 27, 2008, and on November 19, 2008, the trial court overruled Appellant's motion for contempt.

On April 6, 2009, Appellant filed a "Motion for Leave to Proceed *In Forma Pauperis*." Mr. Harris responded to this motion by contending that based on the trial court's prior rulings Appellant was herself "obligated to pay for and file the transcript of the February 26[, 2008,] hearing if she wished to proceed with this matter," she failed to do so, and she was continuing to attempt "to force Missouri taxpayers to underwrite the cost of her appeal...." Mr. Harris also asked the trial court to dismiss Appellant's petition for failure to prosecute her appeal by failing to perfect the record. A hearing was held on May 11, 2009, and on May 26, 2009, the trial court denied Appellant's motion to proceed *in forma pauperis*. Appellant then filed a "Motion to Reconsider" this ruling whereupon the

trial court held a hearing on this motion on June 29, 2009. On July 27, 2009, the trial court entered its judgment overruling Appellant's motion to reconsider and granting Mr. Harris's motion to dismiss Appellant's petition for failure to prosecute. This appeal followed.

■ In her first point relied on, Appellant maintains the trial court erred in dismissing her petition for review

for failing to perfect the record on appeal in that, upon a proper request, the law requires that the agency prepare and file the transcript on appeal and requires that the agency produce for any other person a transcript upon payment of reasonable costs, but, despite ... Appellant's request and motion to compel and motion for contempt, the trial court refused to compel the agency to file the transcript and instead dismissed the petition for review.[2]

■ This Court reviews an action for failure to prosecute under an abuse of discretion standard of review. *Dickens v. Missouri Dept. of Health and Senior Srvs.*, 208 S.W.3d 281, 282 (Mo.App.2006). "An abuse of discretion occurs when the ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.*

First, Appellant cites this Court to section 536.070(4), RSMo 2000, which provides:

[e]ach agency shall cause all proceedings in hearings before it to be suitably recorded and preserved. A copy of the transcript of such a proceeding shall be made *available to any interested person upon the payment of a fee* which shall in

no case exceed the reasonable cost of preparation and supply.

(Emphasis added). There is nothing in the record before this Court which shows that Appellant ever volunteered to pay the PAB a "reasonable" fee to transcribe the audio recording of the February 26, 2008, hearing. In fact, all of Appellant's requests for the transcript asserted she was unable to pay anything for the transcript at issue and that she believed she was entitled to a free transcript under Missouri law. This Court does not interpret section 536.070(4), RSMo 2000, as requiring the PAB to transcribe the proceedings for free.

Second, Appellant points this Court to section 536.130.4, RSMo 2000:

[t]he record to be filed in the reviewing court shall be filed by the plaintiff, or at the request of the plaintiff shall be transmitted by the agency directly to the clerk of the reviewing court and by him filed; provided, that when original documents are to be sent to the reviewing court they shall be transmitted by the agency directly, as aforesaid.

Here, the PAB transmitted the record on appeal, sans the transcript, to the trial court upon Appellant's request and it did so early in the litigation. Section 536.130.1, RSMo 2000, sets out that the record on appeal "shall consist of any one of the following:"

(1) Such parts of the record, proceedings and evidence before the agency as the parties by written stipulation may agree upon;

(2) An agreed statement of the case, agreed to by all parties and approved as correct by the agency;

---

**2.** As best we discern, Appellant does not directly challenge the trial court's ruling on her motion to compel or its denial of her motions

for contempt and to proceed *in forma pauperis*.

(3) A complete transcript [3] of the entire record, proceedings and evidence before the agency. Evidence may be stated in either question and answer or narrative form. Documents may be abridged by omitting irrelevant and formal parts thereof. Any matter not essential to the decision of the questions presented by the petition may be omitted. The decision, order and findings of fact and conclusions of law shall in every case be included.

Read in conjunction with section 536.130.4, RSMo 2000, it is clear that this section provides that the agency is to provide the physical copy of its records to the trial court only in the event that the plaintiff requests that it do so. "Thus, under the plain language of the statute, it [remains] the plaintiff's responsibility to ensure the record is filed, either by filing it personally or requesting that the agency file it." *Vette v. Dir. of Revenue*, 99 S.W.3d 563, 567 (Mo.App.2003). "This is consistent with cases that have interpreted the filing requirement under section 536.130, [RSMo 2000,] as these cases concerned plaintiffs who failed to timely file the record." *Id.* There is nothing in this section which contradicts the requirement of section 536.070(4), RSMo 2000, that plaintiff or any interested party is to pay a reasonable cost to have a written transcript of the proceedings created from an audio recording. The fact remains that "[i]t is the p[laintiff]'s duty to file th[e] record." *Dickens*, 208 S.W.3d at 283 (holding that

dismissal of a petition for review was proper where the appellant only filed an audio recording with the trial court instead of a written transcript).

Third, Appellant points this Court to Supreme Court Operating Rules 5.04 and 5.06 and argues that these provisions "cover[ ] all requests for transcripts that are recorded." [4] We disagree. Supreme Court Operating Rule 5.04 states:

(a) All requests for the preparation of a transcript shall be filed within the time prescribed by Supreme Court Rule 81.12.[5]

*       *       *

(d) The responsible clerk shall collect a deposit for the cost of preparation of a transcript plus copies plus postage, where applicable, based upon the current contract rate established by the Office of State Courts Administrator.

State agencies shall pay the costs of preparing transcripts unless otherwise provided by law. State agencies are not required to make an advance deposit.

There is nothing in Supreme Court Operating Rule 5.04 which leads this Court to believe it is applicable to matters brought pursuant to Chapter 536 given that the legislature has "otherwise provid[ed]" that sections 536.130 and 536.070, RSMo 2000, govern matters dealing with transcripts in a petition for review in an administrative case such as in the instant matter. Further, Supreme Court Operating Rule 5.06(b) sets out that

---

**3.** As stated in *Dickens*, 208 S.W.3d at 283 (internal citations omitted):

[c]hapter 536 does not define 'transcript.' Therefore, we give the word 'transcript' its plain and ordinary meaning. In the context of a hearing, a transcript is defined as 'a handwritten, printed, or typed copy of testimony given orally; esp., the official record of proceedings in a trial or hearing as taken down by a court reporter.' An audio recording is not a handwritten, printed or typed copy, and, thus, is not a transcript.

**4.** All rule references are to Missouri Court Rules (2008).

**5.** Rule 81.12 is entitled "Contents of the Record on Appeal—Designation of the Record on Appeal—Compiling, Ordering, Filing and Service of Record on Appeal—Errors, Omissions and Supplemental Record on Appeal" and applies to transcripts filed with this Court.

[i]n civil cases, pursuant to section 514.040 ..., the transcript shall be prepared by the Office of State Courts Administrator or an approved contractor upon receipt of a copy of the order of indigency. The cost shall be waived unless costs are recovered pursuant to section 514.040.... The clerk shall notify the Court of Appeals of the outstanding costs of any transcripts prepared by the Office of State Courts Administrator. The portion of the costs recovered that are associated with preparing the transcript shall be forwarded to the Office of State Courts Administrator.

It is clear that this rule applies only in the event that a civil litigant has been declared to be indigent.[6] That is not the situation in this case. Accordingly, the Supreme Court Operating Rules advanced by Appellant are inapplicable.

Fourth, at the time the trial court dismissed Appellant's petition for review for failure to prosecute, the only person still a party to the lawsuit was Mr. Harris. The PAB, the agency at issue, had been out of the lawsuit for approximately a year. Prior to its judicially-determined dismissal from this lawsuit, the PAB provided the written record to the trial court as requested, and provided an audio copy of the transcript to Appellant so that she could have it transcribed as she wished. The PAB met its obligations to Appellant well before the conclusion of this lawsuit and its action or inaction had no bearing on the trial court's ruling to dismiss Appellant's petition for review at Mr. Harris's request nearly a year after the PAB had exited the lawsuit. Appellant's arguments fail. The trial court did not abuse its discretion in dismissing Appellant's petition for failure to prosecute. Point I is denied.

[3–5] In her second point relied on, Appellant asserts the trial court erred in granting the PAB's motion to dismiss

in that the law allows the petitioner seeking judicial review of a contested agency case to demand that 'the agency' file with the circuit clerk the record on appeal, but, in this case, the trial court dismissed the PAB, the agency that heard the contested administrative action, before the record on appeal was perfected and, by doing so, relinquished authority over 'the agency.' [7]

As stated in *Lebedun v. Robinson,* 768 S.W.2d 219, 223–224 (Mo.App.1989):

[p]ursuant to Section 36.390.5 ... the [PAB] conducts hearings in cases where a merit system agency of the State of Missouri dismisses, involuntarily demotes or suspends an employee for more than five working days. The Board hears the case to determine whether or not the employee is correct in his assertion that the action taken against him was for political, religious or racial reasons or was not for the good of the service. The Board does not have an independent role in these proceedings but acts only as an impartial hearing officer to conduct and decide the

---

**6.** It was not until the last few months of this lawsuit that Appellant filed a motion to proceed *in forma pauperis* and this motion was denied by the trial court. Appellant has not expressly appealed this ruling.

**7.** Appellant does not cite authority for her argument advanced under this point relied on nor explains the absence of such authority. "An appellant has an obligation to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations." *Brown v. Ameristar Casino Kansas City, Inc.,* 211 S.W.3d 145, 148 (Mo.App.2007). "When 'the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismissing the appeal.'" *Id.* (quoting *In re Marriage of Spears,* 995 S.W.2d 500, 503 (Mo.App.1999)). We review this point *ex gratia.*

contested case between the agency and the employee. The Board, as an agency, has no interest in the outcome of the case before it. In a similar manner, except where the Board's procedures or rules are directly attacked, the Board has no true interest in protecting its decision on appeal.

In this regard, the Board's role is very similar to that of the Administrative Hearing Commission. The Administrative Hearing Commission is not a proper party to an appeal from one of its decision[s].

*See Geriatric Nursing Facility, Inc. v. Dept. of Social Srvs.*, 693 S.W.2d 206, 209 (Mo.App.1985); *Baer v. Civilian Personnel Div., St. Louis Police Officers Ass'n*, 714 S.W.2d 536, 538 (Mo.App.1986).

This Court is persuaded by the reasoning in *Lebedun*, 768 S.W.2d at 223–224. Here, the PAB was the agency which heard Appellant's complaint, acted as an impartial hearing officer, and then issued a ruling on the merits. Appellant then appealed that decision to the trial court. As in *Lebedun*, the PAB is not a proper party to an appeal because it "does not have an independent role in these proceedings," only acts "as an impartial hearing officer to conduct and decide the contested case between the agency and the employee," "has no interest in the outcome of the case before it," and "has no true interest in protecting its decision on appeal." *Id.* at 223. The trial court did not err in dismissing the PAB from the lawsuit. Point II is denied.

The judgment of the trial court is affirmed.

BATES, P.J., and BURRELL, J., concur.