

# In the Missouri Court of Appeals
## Western District

RITA AUST, et al.,     )
       Appellants, )
v.           )
           )  WD78181
PLATTE COUNTY, MISSOURI,  )
PC HOMES L.L.C.,     )
KELLY JO YULICH TRUST,   )  FILED: December 29, 2015
ARLENE KAGAN and WENDY WINER, )
       Respondents. )

## APPEAL FROM THE CIRCUIT COURT OF PLATTE COUNTY
### THE HONORABLE GERALD D. MCBETH, JUDGE

### BEFORE DIVISION THREE: KAREN KING MITCHELL, PRESIDING JUDGE, LISA WHITE HARDWICK AND ANTHONY REX GABBERT, JUDGES

Rita Aust and 41 other Platte County property owners ("Appellants") appeal the circuit court's judgment dismissing their petition for a writ of certiorari, declaratory judgment, and preliminary and permanent injunctions against Platte County. Appellants filed the petition after the Platte County Commission approved PC Homes, LLC's request to rezone certain property from "agricultural" and "rural estates" to "planned residential." Appellants contend the court erred in dismissing their petition because: (1) they provided proper notice to all parties; (2) their failure

to file the record of the administrative proceedings within the statutorily-required time frame was not fatal to their claim; (3) declaratory relief was available to them; and (4) they sufficiently pled a claim for injunctive relief. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

PC Homes, a real estate developer, entered into a purchase agreement with the Kelly Jo Yulich Trust, Arlene Kagan, and Wendy Winer[1] to buy their real property for the purpose of developing it into the Chapel Ridge Development, a residential single-family community in Platte County. In July 2013, Intervenors submitted an application to the Platte County Planning and Zoning Commission to rezone the Chapel Ridge Development property. In that application, Intervenors sought to change the property's zoning designation from "agricultural" and "rural estates" to "single family high density." Following a public hearing, the planning and zoning commission voted unanimously to deny the application.

Intervenors submitted a second application modifying their request to the Platte County Planning and Zoning Commission in October 2013. Instead of seeking the "single family high density" classification, Intervenors requested to change the property's zoning classification to "planned residential." Following another public hearing, the Platte County Planning and Zoning Commission voted unanimously to deny Intervenors' second application.

---

[1] PC Homes, Kelly Jo Yulich Trust, Arlene Kagan, and Wendy Winer will be referred to collectively as "Intervenors."

2

Intervenors then submitted their request to rezone the property to the Platte County Commission ("Commission"). The Commission held a hearing. One Commissioner recused himself from the proceedings due to a conflict of interest. As for the two remaining Commissioners, one voted against Intervenors' request, while the Presiding Commissioner voted in favor of it. By statute, the Presiding Commissioner's vote prevails in the event of a tie. Thus, the Commission approved the Intervenors' request to rezone the Chapel Ridge Development property from "agricultural" and "rural estates" to "planned residential."

Appellants subsequently filed a petition in the Circuit Court of Platte County for a writ of certiorari and declaratory judgment declaring that the Commission's decision was illegal, unreasonable, and arbitrary and ordering that the "planned residential" zoning and platting be denied or rescinded. Appellants also sought injunctive relief enjoining Platte County from allowing the Chapel Ridge Development to develop under the "planned residential" zoning classification. The only named defendant in their petition was Platte County. Less than a month later, Appellants filed a first amended petition. Their first amended petition sought the same relief and again named Platte County as the only defendant. Shortly thereafter, Intervenors filed a motion to intervene.

Platte County filed a motion to dismiss Appellants' first amended petition. Platte County asserted four grounds for dismissal: (1) Appellants failed to join necessary and indispensable parties, specifically, Intervenors and the Commission; (2) Appellants failed to file, within 30 days after filing their petition, the record of

3

the proceedings before the Commission as required by Section 536.130, RSMo 2000;[2] (3) Appellants could not obtain declaratory relief because a writ of certiorari was the only available method for judicial review of the Commission's decision; and (4) Appellants could not obtain injunctive relief because their petition had little probability of success on the merits and they failed to plead facts sufficient to entitle them to injunctive relief.

After Platte County filed its motion to dismiss, Appellants filed a motion for leave to file a second amended petition and to join additional parties. In their motion, Appellants stated that they wanted to add the Platte County Commissioners, in their official capacities, as defendants and to add a specific request that the court direct Platte County and the Platte County Commissioners to file responsive pleadings, prepare a record of the pertinent Commission proceedings, and transmit the record to the Platte County Clerk of the Court.

The circuit court held a hearing on Intervenors' motion to intervene, Platte County's motion to dismiss, and Appellants' motion for leave to file a second amended petition and to join additional parties. During the hearing, the court granted Intervenors' motion to intervene. Following the hearing, the court entered an order dismissing Appellants' first amended petition. At Appellants' request, the court designated the dismissal order as a final judgment for purposes of appeal. Appellants filed this appeal.

### STANDARD OF REVIEW

---

[2] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement.

4

We review the grant of a motion to dismiss *de novo*. *Vogt v. Emmons*, 158 S.W.3d 243, 247 (Mo. App. 2005). In reviewing the petition, we accept the allegations in the petition as true and grant the plaintiffs all reasonable inferences from those allegations. *Campbell v. Cty. Comm'n of Franklin Cty.*, 453 S.W.3d 762, 767 (Mo. banc 2015). We will affirm the dismissal on any meritorious ground stated in the motion. *Bethman v. Faith*, 462 S.W.3d 895, 899 (Mo. App. 2015).

## ANALYSIS

In their four points on appeal, Appellants challenge each of the grounds raised in Platte County's motion to dismiss. We will address Points I and II together. In Point I, Appellants assert that the circuit court erred in dismissing their petition for failure to join the Commission as a party. In Point II, Appellants contend the circuit court erred in dismissing their petition for failing to timely file the record. As both of these points concern the procedure for judicial review of zoning actions, a brief discussion of that procedure is in order.

The circuit court's authority to review the Commission's decision arises from Section 64.660. This statute provides the procedure for judicial review of zoning actions in second and third class counties. According to Platte County, although it is a non-charter first class county, its planning and zoning program continues to operate pursuant to Sections 64.510 to 64.690, the statutory scheme applicable to second and third class counties.[3] To change its planning and zoning program and

---

[3] Case law indicates that Platte County was a second class county, *Miller v. Browning-Ferris Industries*, 674 S.W.2d 150, 152 (Mo. App. 1984), before it became a non-charter first class

5

adopt the program applicable to non-charter first class counties under either Sections 64.211 to 64.295 or Sections 64.800 to 64.905, Platte County would have to hold an election and obtain voter approval. §§ 64.211 and 64.800. It is undisputed that Platte County has never held such an election. Therefore, Platte County's planning and zoning program is subject to the provisions of Section 64.510 to 64.690, including Section 64.660's provision for judicial review.

Section 64.660 is to be read *in pari materia* with Chapter 536, the Administrative Procedures Act. *State ex rel. State Tax Comm'n v. Luten*, 459 S.W.2d 375, 378 (Mo. banc 1970). Pursuant to Rule 100.01, "The provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review." Hence, Sections 536.100 through 536.150 govern any procedural matters not addressed in Section 64.660.

Section 64.660.2 provides, in pertinent part, that any owners of land aggrieved by any decision of the board of adjustment or county commission under the provisions of Sections 64.510 to 64.695 "may present to the circuit court of the county in which the property affected is located, a petition, duly verified, stating that the decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom." The petition is to be presented to the

---

county on January 1, 1993, *Parkville Benefit Assessment Special Road District v. Platte County*, 906 S.W.2d 766, 767 (Mo. App. 1995).

6

circuit court within 30 days after the mailing or delivery of the notice of the agency's decision.  § 536.110.1; *Luten*, 459 S.W.2d at 378.

After the petition is presented to the circuit court, Section 64.660.2 details what happens next:

> Upon the presentation of the petition the court shall allow a writ of certiorari directed to the board of adjustment or the county commission, respectively, of the action taken and data and records acted upon, and may appoint a referee to take additional evidence in the case.  The court may reverse or affirm or may modify the decision brought up for review.

Thus, after an aggrieved landowner presents a petition to the circuit court challenging an agency's zoning action, the court is to issue a writ of certiorari directed to the agency, which in this case is the Commission, compelling it to provide the court with the complete record upon which the action was taken.  *See, e.g., Campbell*, 453 S.W.3d at 764 (noting that, after a petition seeking judicial review under an identical provision in Section 64.870.2 was filed, the circuit court "issued a writ of certiorari to the commission, directing it to provide the court with a certified copy of the complete record pertaining to the commission's decision").

Here, Appellants filed their petition asserting the illegality of the Commission's decision in the circuit court within 30 days after the decision.  In Count I, they asked the court to "issue its Writ of Certiorari and review the decision made by the Platte County Commission."  Appellants named only Platte County, however, and not the Commission, as a party to the case.  After the petition was filed in the circuit court, the court never issued a writ of certiorari directed to the

7

Commission, and the Commission did not provide the court with a certified copy of the complete record pertaining to its decision.

It was Appellants' responsibility to ensure that the record was filed within 30 days of the filing of their petition. Section 536.130.1 provides:

> 1. Within thirty days after the filing of the petition or within such further time as the court may allow, the record before the agency shall be filed in the reviewing court. Such record shall consist of any one of the following:
>
> (1) Such parts of the record, proceedings and evidence before the agency as the parties by written stipulation may agree upon;
>
> (2) An agreed statement of the case, agreed to by all parties and approved as correct by the agency;
>
> (3) A complete transcript of the entire record, proceedings and evidence before the agency. Evidence may be stated in either question and answer or narrative form. Documents may be abridged by omitting irrelevant and formal parts thereof. Any matter not essential to the decision of the questions presented by the petition may be omitted. The decision, order and findings of fact and conclusions of law shall in every case be included.

Section 536.130.4 further provides that "[t]he record to be filed in the reviewing court shall be filed by the plaintiff, or at the request of the plaintiff shall be transmitted by the agency directly to the clerk of the reviewing court and by him filed[.]" Thus, under Section 536.130, the record is to be filed by the plaintiff, or by the agency at the plaintiff's request, within 30 days unless the plaintiff obtains an extension of time.

Where the record is not filed within the 30-day period, the circuit court has the discretion to dismiss the petition for review. *City of Richmond v. Suddarth*,

8

120 S.W.3d 212, 215 (Mo. App. 2003). A circuit court contemplating dismissing a petition for failure to timely file an adequate record under Section 536.130 "need not first find that movant agency has proved that it produced an adequate record." *Id*. at 218. The court also need not "find that noncompliance with Section 536.130 prejudiced the movant before dismissing the petition." *Id*.

Appellants, the plaintiffs below, did not file the record within 30 days after filing their petition. Appellants' failure to file the record within 30 days was caused by their failure to follow Section 64.660's procedure to seek a writ of certiorari directed to the *Commission* to provide the record to the circuit court as required by Section 64.660.2. Appellants sought a writ of certiorari directed to Platte County, which is a different entity than the Commission. Platte County was not the agency that made the decision under review and could not have provided the record to the circuit court. Appellants never sought to join the Commission as a party and never asked that the court issue a writ of certiorari directed to the Commission. While they did request leave to file a second amended petition joining the individual Commissioners in their official capacities as parties and adding a specific request that the court direct Platte County and the Commissioners to prepare and transmit the record to the circuit court, this request was made more than 30 days after they filed their petition. The court effectively overruled Appellants' motion for leave to file a second amended petition when it granted Platte County's motion to dismiss, and Appellants do not assert in any of their points relied on that the court erred in failing to grant them leave to file their second amended petition. Moreover, the

9

record does not indicate that Appellants ever requested leave to file the record late.[4]  Because Appellants failed to seek a writ of certiorari against the proper party under Section 64.660 and, in turn, failed to file the record within the 30-day period prescribed by Section 536.130, the circuit court did not abuse its discretion in dismissing Appellants' petition for writ of certiorari.  Points I and II are denied.

In Point III, Appellants contend the court erred in dismissing their request for a declaratory judgment.  In Count II of their first amended petition, Appellants requested that the court declare that the Commission's decision was "illegal, unreasonable, and arbitrary" and to rescind the "planned residential" classification.

Because Section 64.660 provides for judicial review of the Commission's zoning decisions through a petition for writ of certiorari, however, a declaratory judgment is not available to Appellants.  *Gash v. Lafayette County*, 245 S.W.3d 229, 233 (Mo. banc 2008).[5]  The existence of this legal remedy precludes declaratory relief.  *Id*.  The court properly dismissed Appellants' request for a declaratory judgment.  Point III is denied.

---

[4] Appellants also contend that they entered into a stipulation with Platte County concerning the record, as provided for in Section 536.130.1(1).  The record indicates that the stipulation was contingent upon the court's denying Platte County's motion to dismiss.  The court granted the motion to dismiss.  Moreover, Intervenors were not a party to the stipulation.

[5] *Gash* was interpreting Section 64.870.2, which provides for judicial review of zoning decisions in fourth class counties.  245 S.W.3d at 232.  There was confusion in *Gash* as to whether the county was subject to the zoning statutes applicable to fourth class counties or second and third class counties.  *Id*. at 232 n.6.  The Court determined that it made no difference whether the county zoned under those statutes applicable to fourth class counties (Sections 64.800 to 64.900) or those applicable to second and third class counties (Sections 64.510 to 64.727) because "there are no material differences" between Section 64.870 and Section 64.660.  *Id*.

In Point IV, Appellants assert that the court erred in denying their request for injunctive relief. In Count III of their first amended petition, Appellants asked the court to enjoin Platte County from allowing the development of the Chapel Ridge property under the "planned residential" classification.

Parties are not entitled to seek or receive equitable relief, such as an injunction, "unless the facts pleaded in the petition show they lack an adequate remedy at law." *Smith v. City of St. Louis*, 409 S.W.3d 404, 414 (Mo. App. 2013). Indeed, "[o]ne seeking injunctive relief on grounds of irreparable damage and lack of adequate remedy at law must plead irreparable injury and inadequate legal remedy as traversable facts, not mere conclusions." *J.H. Fichman Co. v. City of Kansas City*, 800 S.W.2d 24, 28 (Mo. App. 1990). Appellants did not plead any facts showing that they lacked an adequate remedy at law. The court did not err in dismissing their request for injunctive relief. Point IV is denied.

### CONCLUSION

We affirm the circuit court's judgment.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

11